[Crim. No. 598. Third Appellate District.—March 15, 1922.]

## THE PEOPLE, Respondent, v. GEORGE OWENS, Appellant.

[1] CRIMINAL LAW—DRAWING OF CHECK—WANT OF FUNDS—EVIDENCE —BURDEN OF PROOF.—In a prosecution based on section 476a of the Penal Code, the burden is on the state to show that the defendant had neither funds nor credit with the bank to meet the check.

[2] ID.—DEFINITION OF WORD "CREDIT" — INSTRUCTION.—A requested instruction defining the word "credit" as used in the statute should have been given.

APPEAL from a judgment of the Superior Court of Mendocino County and from an order denying a new trial. H. L. Preston, Judge. Reversed.

The facts are stated in the opinion of the court.

W. D. L. Held for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant appeals from a judgment of conviction of the crime of making and uttering a check upon a bank without having funds in or credit with such bank to meet such check, and from the order denying his motion for a new trial. The charge is based on section 476a of the Penal Code.

The evidence shows that the defendant made the check, delivered it to the prosecuting witness, and received the face value thereof in money, and that the records of the bank did not contain the name of the defendant as a depositor. The evidence further shows that the prosecuting witness took the check to the bank on which it was drawn but did not cash it there. He testified that the bank refused payment, but such testimony was stricken out by the court. The record is silent as to whether the defendant had credit with the bank to meet the check. If he had such credit, then no crime was committed. The burden was on the prose-

cution to show that the defendant had neither funds nor credit with the bank to meet the check.

[1] Respondent urges that the question whether the defendant had funds in or credit with the bank was peculiarly within his own knowledge, and that the burden of proof on that issue was on him. The supreme court has held to the contrary. (*People* v. *Frey,* 165 Cal. 140, 145 [131 Pac. 127].)

[2] The court refused to give an instruction defining the word "credit" as used in the statute. The instruction should have been given. The other instructions refused were contained in other parts of the charge to the jury.

The judgment and order are reversed.

Burnett, J., and Hart, J., concurred.