**STATE of Missouri, Respondent,**

v.

**Hubert Leroy AMSDEN, Jr., Appellant.**

**No. 45452.**

Supreme Court of Missouri,
Division No. 2.

March 11, 1957.

John M. Dalton, Atty. Gen., Richard W. Dahms, Asst. Atty. Gen., for respondent.

LEEDY, Judge.

Hubert Leroy Amsden, Jr., was charged in the Reynolds Circuit Court with the crime of rape. Upon a trial before a jury he was convicted of the offense and sentenced to imprisonment in the penitentiary for a term of two years in accordance with the verdict. The trial court undertook to commute such sentence to a like term in the intermediate reformatory for young men (Algoa Farms), and he appealed. The case is here on a full transcript, but defendant has filed no brief. We, therefore, consider such assignments of error as may have been properly preserved in his motion for new trial, and, in addition, those matters specified in 42 V.A. M.S. Supreme Court Rules, Rule 28.02

(formerly considered record proper) respecting which no assignment is necessary.

We find certain of the steps taken in the case so highly irregular and contrary to law and established practice as to warrant discussion of them preliminary to a consideration of the merits. In the first place, and adverting to the judgment, it appears that after imposing sentence of two years in accordance with the verdict, the judgment then orders that such imprisonment be commuted to a like term in the intermediate reformatory. But the statute delimiting the class of persons who may be sentenced to the latter institution, § 216.370(2), RSMo 1955 Supplement, and V.A.M.S.; Laws 1955, p. 336,[1] specifically excludes those otherwise eligible persons whose offense is one "for which capital punishment is provided." § 559.260 (all statutory references are to RSMo 1949 and V.A.M.S., unless otherwise noted) provides capital punishment, in the discretion of the jury, for the crime of rape, so it is apparent that the purported commutation was unauthorized and contrary to law, and void on its face, it having been entered as a part of a judgment of conviction for rape. If the conviction is otherwise impervious to the attacks made upon it, the correct sentence, as originally pronounced, can be given effect by ordering the abortive commutation deleted, or the defect remedied under the provisions of Rule 28.15 relating to the correction on appeal of judgments erroneous as to time or place of imprisonment.

We note further that the judgment specifies the date on which the sentence imposed is to start, to-wit, "from January 21, 1956." This was the date on which the sentence was pronounced.

---

1. § 216.370. " * * * 2. If any male person seventeen years of age and less than twenty-five years of age be convicted of a felony for the first time, and he be not guilty of treason or murder in the first or second degree, or any offense for which capital punishment is provided, the court trying such person shall sentence him to the custody of the officials of the intermediate reformatory to be confined for the term prescribed by the statutes of this state and fixed by the court or jury as a punishment for such offense. It shall be the duty of the officials in charge of said reformatory to receive all such convicted persons."

Nevertheless, such a provision has no proper place or office as a part of a judgment and sentence, and is always to be regarded as surplusage, except in fixing the date of execution in capital cases. "From a review of the statutes and authorities cited, we are of the opinion that any part of a judgment of record which shows a sentence is to start at a date prior to the date of sentence *(or the fixing of any date)* is surplusage." (Emphasis supplied.) Higlin v. Kaiser, 352 Mo. 796, 798, 179 S.W.2d 471, 472. In other words, as said in Jackson v. Kaiser, 353 Mo. 919, 185 S.W.2d 784, 785, 788 (citing the Higlin case), "The law and not the judgment fixes the date on which a term of imprisonment shall commence." The practice of specifying a date of commencement should not be permitted to persist.

■ The judgment and sentence is followed by an entry showing the filing of an "Affidavit for Appeal and Notice of Appeal," and that "the court after considering the case grants an appeal to the Supreme Court." Rule 28.03 superseded the former statute, § 547.070, and substituted the notice of appeal procedure under the Civil Code as the governing method for invoking this court's appellate jurisdiction. The notice of appeal contemplated by it and § 512.070 is not one to be given by the circuit clerk, as in this case, but rather one signed by the party appealing or his attorney. Notification of the filing thereof is to be given by the clerk of the trial court by mailing, via registered mail, a copy of such notice to the prosecuting attorney, and in felony cases an additional copy to the attorney general, as well as one to the clerk of the court to which the appeal is taken. "The clerk shall note in a memorandum filed in the cause the names of the parties to whom he mails the copies, with date of mailing." § 512.070.

The so-called "notice of appeal" set forth in the transcript reads as follows:

"To Honorable John M. Dalton, Attorney General Within and for the State of Missouri:—

"You are hereby given notice to the extent that the above mentioned defendant, Hubert Leroy Amsden, has been granted an appeal to the Supreme Court of the State of Missouri from a conviction and sentence for a felony in the Circuit Court of Reynolds County, Missouri; the name of said appellant is Hubert Leroy Amsden, the nature of the crime for which he was convicted and sentenced was that of rape, the substance of the judgment and sentence was for two (2) years in the Missouri State Penitentiary, the date of the order granting the appeal was February 21st, 1956 and the attorney for the defendant is Honorable J. Ben Searcy whose address is Eminence, Missouri.

"Witness my hand the seal of the Circuit Court of Reynolds County, Missouri this 21st day of February, 1956.

"Gladys Shriver
"Circuit Clerk,
"Reynolds County, Missouri."

There is nothing in the record to show that a copy of the notice was ever served, and, as above pointed out, the rule does not contemplate that a notice of appeal is to be signed by the circuit clerk. However, this notice does specify the party attempting to appeal, designates somewhat imperfectly the judgment appealed from, and names the court to which it is sought to appeal. On the authority of State v. Grant, Mo., 275 S.W.2d 332, we will treat it as a bona fide attempt to comply with the governing rule. This result follows notwithstanding our disapproval of the form. It is not amiss to remind that an officially approved form of notice of appeal (together with directions to the clerk for the proper use thereof) promulgated by this court as Form No. 8 appears in RSMo 1949 at page 4157, and 42 V.A.M.S., pp. 168–169, the use of which would eliminate uncertainties such as here encountered.

Under Rule 3.26, it was beyond the authority of the trial court to extend the time for filing the transcript for a longer period than six months from the date of the filing of the notice of appeal, as attempted by the court's order of August 14. The filing of the transcript was, therefore, substantially a month out of time, but the respondent did not move for dismissal or affirmance, as it might have done when, upon the expiration of the aforesaid six months' period, the appeal had not been perfected. In view of the particular circumstances of this case, we will treat the transcript as having been filed by leave of this court under Rule 1.30, as was also done in State v. Grant, supra. See, also, Prudot v. Stevens, Mo.App., 266 S.W.2d 756; Dunlap v. Donnell, Mo.App., 234 S.W.2d 330.

§ 512.110 contemplates and provides that the original transcript is to be filed in the appellate court, and a "copy" thereof filed with the clerk of the trial court, *"which copy* shall remain on file in the office of said clerk." The transcript before us is a carbon copy, and not the original, and filing thereof should have been refused when tendered here.

Turning now to the merits of the case, it may be observed that prosecutrix, Delores, is defendant's first cousin. At the time of the alleged offense Delores lacked 19 days of being 17 years of age. Defendant testified he was 18 at the time of the trial. No question arises as to the fact of sexual intercourse between these principals at the time and place in question. The theory of the state, which its evidence tends to support, was that defendant accomplished the act forcibly and against the will of prosecutrix, whereas the defense was that it was done with her full consent.

The prosecutrix lived on Sinking Creek between Fred Barber's Store and Corridon in Reynolds County. We infer defendant lived at the home of his mother (the aunt of prosecutrix) which was adjacent to the Fred Barber Store. There were also two daughters in the Amsden household. The state's evidence tended to show the following: Delores had gone to her aunt's at about 2 o'clock on the afternoon in question (July 2, 1955), and had visited with her aunt and defendant's two sisters, the youngest of whom accompanied Delores to the Barber Store to buy a soda. There they found that the proprietor and defendant were in readiness to deliver some gas to a Mr. Middleton, and the two girls accompanied them, riding in the back of the pickup truck. Upon returning to the store, prosecutrix told her cousin, Mary Lou, good-bye, and started walking home, a distance of about two miles. Defendant was sitting on the store porch. After she and Mary Lou had passed where the pump stands defendant called Mary Lou back, and prosecutrix started up the road alone. After prosecutrix had gotten perhaps 50 yards up the road, defendant called to her to wait for him, and she did. He joined her, and after traversing another 75 yards or more, he grabbed her by the wrist, and told her in unmistakable language what he proposed to do to her. She testified he then started twisting her arm, and dragging her up the hollow. After getting about 50 yards off the road, and where they couldn't be seen because of the brush, she testified he took off her blue jeans, and she tried to keep them on. "He was twisting this [left] arm, and I was trying to hit him with this [right] one here. He got me down once and I got up, and picked up a rock. I was going to try to hit him, but he grabbed this one and this one at the same time, and made me drop the rock, then he got me on the ground." She testified he then accomplished his purpose, and that she was trying to get away from him at the time but couldn't because he had her shoulders pinned to the ground.

On cross-examination she testified that when he grabbed her by the wrist she began crying and saying no; that she couldn't scream very loud; that she tried to make it known that she was being ravished, but that when she gets scared she can't "do nothing;"

that she tried to prevent him from taking her blue jeans off, and that she did everything within her power to keep him from doing the things he did to her.

Defendant was the only witness called in his own behalf. As indicated above, his version was that there was no forcible ravishment, but, on the contrary, that the act was carried out with the consent of the prosecutrix. He further testified that such relations had existed between them for more than a year and a half; that, indeed, earlier that afternoon they had engaged in sexual intercourse on the back porch of his mother's home.

For our purposes, it is believed that the foregoing is a sufficient outline of the evidence for an understanding of the question upon which the case turns. It may be added that there were certain circumstances and other facts which rather strongly tended to corroborate the prosecutrix, but for the reason just mentioned it is unnecessary to develop them.

The prosecutrix testified directly and positively that the act charged was committed in Reynolds County, where the venue was laid, so there is nothing in the first assignment of the motion for new trial which is based on the alleged want of proof in that regard.

■ The next assignment was that there was no evidence upon which to base instruction No. 4, and that, in fact, the hypothesis submitted thereby was not only not supported by the evidence but directly contrary thereto. It reads as follows:

"The Court instructs the Jury that if you find and believe from the evidence in this case that the defendant compelled the prosecuting witness, Delores Russell, by threats of personal violence, to submit her person to him in sexual intercourse, and against her will, and that she submitted through fear of great violence or death, then you should find the defendant guilty as charged in the information, even though you should further believe from the evi-

dence that the prosecuting witness did not offer the utmost resistance to the defendant at the time of said act of sexual intercourse."

■ The position of the state is that the matter is not open for review for the reason defendant failed to make timely objection to the giving of the instruction. State v. Rush, Mo., 286 S.W.2d 767, and State v. Lawson, Mo., 290 S.W.2d 84, are cited as sustaining this position. In those cases the record failed to show the defendant had objected to the instructions "at the time they were given and read to the jury." Here the situation is quite different. The record shows that at the close of all the evidence in the case the court gave to the jury certain numbered instructions (including the one here challenged) which are set out in full, immediately following which is this recital: "To the action of the court in giving said instructions, counsel for defendant, then and there, at the time, objected and excepted." This language means what it says, i. e., that at the very time the court gave the instructions the defendant objected to them, and this is a sufficient predicate for further and more detailed attack upon the instructions in the motion for new trial. The state's evidence is devoid of any fact or circumstance from which the jury might reasonably infer that the prosecutrix submitted through fear of great violence or death, or indeed, that she submitted at all. There was no proof of threats of personal violence. The testimony of prosecutrix was to the effect that notwithstanding resistance on her part to the utmost of her power, defendant accomplished his purpose. Consequently there was no evidence on which to base the instruction, and the giving of it in the face of such a record constituted reversible error.

■ Defendant's motion further complains of the failure to instruct, as part of the law of the case, on the offense denounced by § 559.300 (carnal knowledge of an unmarried female of previously chaste

character between the ages of 16 and 18 by a person over the age of 17 years), this on the theory that such offense is necessarily included in that charged in the case at bar, namely, rape by forcibly ravishing a woman of the age of 16 years. Paragraph (c) of Rule 27.01, which provides that a defendant "may be found guilty of an offense necessarily included in the offense charged," etc., does not change the principle embodied in the former governing statute, § 556.230 which, in pertinent part provided: " * * * and in all other cases, whether prosecuted by indictment or information, the jury or court trying the case may find the defendant not guilty of the offense as charged, and find him guilty of any offense, the commission of which is necessarily included in that charged against him." In discussing the subject matter of statutes of which the foregoing is typical, 27 Am.Jur., Indictments and Informations, § 194, says this: "The statement of the general rule necessarily implies that the lesser crime must be included in the higher crime with which the accused is specifically charged, and that the averment of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser, to sustain a conviction of the latter offense. If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater." Tested by these principles, it is readily apparent that an offense under § 559.300 is not necessarily included in a charge of forcible rape under § 559.260. Necessary elements under the former which are not included in the greater (latter) offense are these: The person charged must be over the age of 17 years; the woman must have been unmarried, of previously chaste character, and between the ages of 16 and 18. The court did not err in failing to instruct on the lesser, because it was not an included offense.

 The prosecuting attorney was assisted by an attorney retained by the mother of prosecutrix, and at the beginning of the trial defendant objected for the reason that said special counsel "is not connected with the office of the Attorney General of the State of Missouri, and is not the prosecuting attorney or assistant prosecuting attorney of Reynolds County." The court did not err in overruling this objection. State v. Matthews, Mo., 111 S.W.2d 62, 65, and cases there cited.

For the error in giving instruction No. 4, the judgment is reversed and the cause remanded.

All concur.