STATE of Missouri, Respondent,

v.

Harold FRIEDMAN, Appellant.

No. 32205.

St. Louis Court of Appeals.

Missouri.

Dec. 21, 1965.

William J. Hough, Clayton, Alfred I. Harris, Charles L. Moore, St. Louis, for appellant.

Daniel V. O'Brien, Pros. Atty., Jack E. Koslow, Richard E. Crowe, Barbara Kurtz, Asst. Pros. Attys., Clayton, for respondent.

DOERNER, Commissioner.

The defendant in this case was charged with having, with intent to defraud, given a check to C. Hamlin Short, drawn upon a bank in which defendant knew he had no funds, an offense made a felony by Section 561.450, RSMo 1959, V.A.M.S. Defendant waived a jury and the case was tried to the court. Supreme Court Rule 26.01(b), V.A.M.R. At the conclusion of all the evidence the court found the defendant guilty of violating Section 561.460, which makes it a misdemeanor to draw and deliver, with intent to defraud, a check upon a bank when the drawer knows he has insufficient funds in or credit with such bank for the payment of the check in full. The sentence imposed was a year in the county jail and a fine of $1,000. Defendant appealed to the Supreme Court, which on motion of the Attorney General transferred the appeal to this court, where appellate jurisdiction is vested. State v. Bradley, Mo.App., 247 S.W.2d 351, 353. After the appeal was transferred the Prosecuting Attorney did not enter his appearance or participate in the hearing, and we have not had the benefit of a brief from him.

It is not necessary to relate the evidence since the defendant has not made any attack on that feature of the case. In fact, the sole and only point raised by the defendant on appeal is one of law. As succinctly stated in defendant's brief it is: "* * * Can a defendant charged under Section 561.450 be found not guilty of that charge and under the information charging therewith be found guilty under Section 561.-460? * * *" In contending for a negative answer to the question he propounds defendant asserts that the verdict was erroneous, first, because it was not responsive to the charge made by the information and was not so sufficient, definite and certain as to constitute a bar to further prosecution for the same offense; and second, that the offense made a misdemeanor by Section 561.460 is not a lesser included offense to that under Section 561.450.

As to defendant's first contention, if the offense charged in the indictment encompasses a lower degree or lesser included offense, which is submitted, a verdict of guilty of the lower degree or included offense is responsive to the charge pleaded. State v. Wilson, Mo., 34 S.W.2d 98; State v. Baublits, 324 Mo. 1199, 27 S.W.2d 16; State v. Bragg, Mo.App., 220 S.W. 25. And contrary to defendant's argument, a verdict of guilty of a lower degree than that charged or of a lesser included offense is in effect an acquittal of the greater offense pleaded in the indictment or information, and would constitute a bar to the further prosecution of the same offense. State v. Brannon, 55 Mo. 63; State v. Ball, 27 Mo. 324; State v. Grimes, 29 Mo.App. 470; State v. Bragg, supra.

A more difficult question is presented by the second part of defendant's argument, that the offense made a misdemeanor by Section 561.460 is not a lesser included offense under Section 561.450. Since the latter section specifies and prohibits various

methods of cheating and defrauding, State v. Scott, Mo., 230 S.W.2d 764, with only one of which we are here concerned, defendant's query should be restated and restricted to the issue of whether the offense under Section 561.460 of giving a check on a bank in which the drawer knows he has not sufficient funds or credit for the payment of such check, a misdemeanor, is a lesser included offense of that part of Section 561.450 which makes it a felony for a drawer to give a check on a bank in which he knows he has no funds.

Paragraph (c) of Rule 27.01 of our rules of criminal procedure provides that, "The defendant may be found guilty of an offense necessarily included in the offense charged * * *." In State v. Amsden, Mo., 299 S.W.2d 498, 504, it was said that this provision does not change the principle embodied in the former governing statute, Section 556.230, which, in pertinent part provided: " * * * and in all other cases, whether prosecuted by indictment or information, the jury or court trying the case may find the defendant not guilty of the offense as charged, and find him guilty of any offense, the commission of which is necessarily included in that charged against him." As to the test to be applied in determining whether an offense is a lesser crime necessarily included in the greater offense charged the court quoted with approval the following test given in 27 Am.Jur., Indictments and Informations, Sec. 194, p. 739:

" * * * .The statement of the general rule necessarily implies that the lesser crime must be included in the higher crime with which the accused is specifically charged, and that the averment of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser, to sustain a conviction of the latter offense. If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater."

In accordance with these principles it has been held that a defendant charged with murder may be convicted of an assault with intent to kill, State v. Gadwood, 342 Mo. 466, 116 S.W.2d 42, or with manslaughter, State v. Wilson, Mo., 34 S.W.2d 98; one indicted for assault with malice may be found guilty of an assault without malice, State v. Bryant, Mo., 375 S.W.2d 122; and a charge of rape is held to include the lesser offense of assault with intent to rape, State v. Wells, Mo., 305 S.W.2d 457, or of common assault, State v. Famber, 358 Mo. 288, 214 S.W.2d 40.

■ Tested by the principles laid down in State v. Amsden, supra, we have reached the conclusion that the offense of giving a check on a bank knowing that one has insufficient funds in or credit with such bank to pay the same in full, prohibited by Section 561.460, is not a necessarily included lesser offense of the crime of giving a check upon a bank knowing that one has no funds therein, proscribed by Section 561.450. It is true that the gravamen of both offenses is the intent to cheat and defraud. State v. Mastin, 277 Mo. 495, 211 S.W. 15; State v. Kaufman, Mo.App., 308 S.W.2d 333. It is also true that other legal and factual elements are common to both crimes, such as the obtaining of money or property from the person defrauded, the misrepresentation, the victim's reliance thereon, the making and delivery of a check, and the drawer's knowledge regarding the worthlessness of the check. State v. McWilliams, Mo., 331 S.W.2d 610; State v. Griggs, Mo., 236 S.W.2d 588; State v. Robinson, Mo., 255 S.W.2d 811; State v. Kaufman, supra; State v. Euge, Mo.App., 359 S.W.2d 369, cert. den. 372 U.S. 960, 83 S.Ct. 1014, 10 L.Ed 12. And it would seem obvious that a drawer who knows that he has *no funds* in the bank when he issues a check must of necessity know that his funds therein are *insufficient* to pay the same in full.

However, the test approved in State v. Amsden, supra, requires that to be a necessarily included lesser offense it is essential that the greater offense include *all* of the legal and factual elements of the lesser; and the concluding part of the rule provides that, " * * * 'if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.' * * * " (299 S.W.2d 504). In this case the necessary element which is included in Section 561.460, and which is not included under Section 561.450, is to be found in the words, " * * * or credit with, such bank", which form a part of the former. What is meant by the word "credit" is made clear by Section 561.480, which reads: "The word 'credit' as used in sections 561.460 to 561.480, shall be construed to mean an arrangement or understanding with the bank or depositary, for the payment of such check, draft or order." In order, therefore, to draft an acceptable charge under Section 561.460 it must be alleged not only that the drawer of the check knew that he had insufficient funds in the bank, but also that he knew that he had no credit with such bank for the payment in full of such check; and an indictment or information which fails to contain allegations as to both of these elements is fatally defective. State v. Vandenburg, 9 W.W. Harr. 498, 39 Del. 320, 198 A. 701; Commonwealth v. Bandy, 291 Ky. 721, 165 S.W. 337; State v. Mondry, 48 S.D. 189, 203 N.W. 468. Furthermore, the element of the drawer's knowledge of his lack of credit must not only be charged, but, as we said in State v. Kaufman, Mo.App., 308 S.W.2d 333, 338–339:

"It was the duty of the State to prove that defendant had insufficient funds in his account and knew it, and also to prove defendant did not have sufficient credit with the bank for payment of the check and knew it. Section 561.460 requires the State to prove that defendant knew 'at the time of such making, drawing, uttering or delivering, that the maker or drawer, has not sufficient funds in or credit with, such bank, * * *, for the payment of such check, * * * *in full,* upon its presentation, * * * *.' (Emphasis supplied.) This section of the statute makes it an offense to make and deliver a check with intent to defraud, if the defendant knew he had insufficient credit to pay the check in full. * * *"

To the same effect see State v. Campbell, 70 Idaho 408, 219 P.2d 956; Dailey v. Commonwealth, Ky.App., 248 S.W.2d 425; State v. McCutchan, 219 Iowa 1029, 259 N.W. 23; People v. Owens, 57 Cal.App. 84, 206 P. 473; People v. Bercovitz, 163 Cal. 636, 126 P. 479, 43 L.R.A.,N.S., 667. And since the defendant's knowledge of his lack of credit is an additional element which must be pleaded and proven in a prosecution under Section 561.460, but not under Section 561.450, it follows that the former is not a necessarily included lesser offense under the latter.

The judgment should be reversed and the defendant discharged. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment is reversed and the defendant discharged.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.