**STATE of Missouri, Plaintiff-Respondent,**

v.

**Eddie FLEMING, Defendant-Appellant.**

**No. 36448.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 30, 1975.

Charles D. Kitchin, Public Defender, James C. Jones, Frank R. Fabbri, III, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Chief Counsel, Robert M. Lindholm, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

RENDLEN, Judge.

Defendant was convicted of Burglary Second Degree, § 560.070, RSMo.1969, V.A.M.S., and sentenced by the court under the Second Offender Act, § 556.280, RSMo.1969, V.A.M.S., to six years imprisonment. He appeals, contending first: the court erred in refusing proffered instructions on a lesser included offense; and second, the court improperly commented on defendant's failure to testify. We affirm.

From the evidence the jury could find, that police were summoned to the Faith Temple Church of God at 2800 St. Vincent Street in the City of St. Louis in the early morning of September 23, 1973. Searching the church with the assistance of the canine corps, they found defendant hiding in an upstairs closet. Having been advised of his rights, defendant admitted he, with two companions, broke into the church and removed two stained glass windows. He also told where the windows were hidden, which later were found at the place described.

A police officer testified that a palm print found on one of the windows was identical to that of defendant. In addition, a paint chip found in defendant's pant cuff was microscopically matched by color and layer to that from the frame of the stolen windows. The defendant offered no evidence.

■ Defendant first contends the court erred in refusing to submit defendant's instructions "A" and "B" relating to the offense of breaking into a schoolhouse or church. Section 560.090, RSMo.1969, V.A.M.S., makes such offense a misdemeanor. Defendant failed to set forth the questioned instructions "in full in the argument portion of the brief" as required by Rule 84.-04(e), V.A.M.R. Having failed to meet the mandate of the rule, the propriety of the proffered instruction is not preserved for review. See *State v. Mesmer*, 501 S.W.2d 192 (Mo.App.1973). Nevertheless, implicit in this point is the question of the court's responsibility to give its own instruction on the issue. Dealing with that issue, we recognize it is the duty of the trial court to properly instruct on any lesser offense which might be included within the offense charged. MAI-CR Comments, Lesser Graded or Included Offenses, p. 13. Verdict directing instructions "*shall* be given where applicable even though no request therefor has been made," (emphasis ours) Rule 20.-02(a), V.A.M.R. See also Rule 26.02(6), V.A.M.R. However, there is no duty to instruct on a lesser offense not *necessarily* included in the offense charged. *State v. Amsden*, 299 S.W.2d 498, 504[12] (Mo.1957); *State v. Walker*, 505 S.W.2d 119, 122[9] (Mo.App.1973), MAI-CR Comments, Lesser Graded or Included Offenses, p. 14.

■ An instruction on a lesser offense is not proper unless it is impossible to commit the greater without first committing the lesser, for otherwise the lesser is not properly a lesser offense to the greater. *U. S. v. Eisenberg*, 469 F.2d 156, 162[13] (8th Cir. 1972).

The test to determine if one offense is "necessarily" included in another has been described by our Supreme Court as follows: "If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not generally included in the greater." *State v. Amsden*, 299 S.W.2d 498, 504[11, 12] (Mo.1957); see

also *State v. Friedman,* 398 S.W.2d 37, 40[4] (Mo.App.1965).

■■ Defendant was charged and tried for Burglary Second Degree under § 560.-070. The "lesser" offense which defendant contends should have been instructed upon, is the wrongful breaking into or entering of a church in the manner prescribed by § 560.090, RSMo.1969.[1] This statute is designed to protect school or church property against trespassers who, "without permission, make use of these buildings for camping or some other purpose not in itself criminal." *State v. Stewart,* 329 Mo. 265, 44 S.W.2d 100, 102 (1931). This statute is not exclusive and does not take school and church buildings beyond the purview of the section on Second Degree Burglary, § 560.-070 which provides:

> "[E]very person who shall be convicted of breaking and entering *any building,* the breaking and entering of which shall not be declared by any statute of this state to be burglary in the first degree [Footnote [2]] . . . with the intent to steal or commit any crime therein, shall, on conviction, be adjudged guilty of burglary in the second degree." (emphasis added)

■ The offense denounced by § 560.090 must involve either a school or church or a building used for religious or educational purposes. Thus necessary elements of the lesser offense under § 560.090 are not included in the greater offense, of burglary second degree under § 560.070. One such element is that the building wrongfully entered must be a church, (a school or building used for religious or educational purposes) whereas in second degree burglary the building broken and entered may be "any building" other than a building involved in burglary first degree.

It is readily apparent that buildings other than churches or schools may be subject to acts constituting burglary second; however, any charge of the misdemeanor (the lesser offense) requires the inclusion of necessary elements (i. e., church or school) not necessarily included in the felony (the greater offense). The court did not err in failing to instruct on the lesser, as it was not an "included offense."

■ Finally, defendant contends it was error for the court to begin to read the instructions before the parties had orally rested and such action constituted an impermissible comment on defendant's failure to testify. The record reveals that out of the hearing of the jury, both sides had in fact rested. Thereafter the jury was recalled and it was then the court began reading the instructions. Defendant interrupted, noting that the parties had not formally rested in the jury's presence. The court ordered the record show that "everybody rested," both sides again rested, this time before the jury. Defendant made no objection to the court's action nor was any further relief requested. The point is not preserved for review. *State v. Green,* 515 S.W.2d 197, 199[4] (Mo.App.1974); *State v. Thomas,* 452 S.W.2d 160, 164[10] (Mo.1970). Appellant urges the point as plain error under Rule 27.20(c), V.A.M.R. We find no prejudice to the defendant in the court's actions.

The judgment is affirmed.

WEIER, P. J., and DOWD, J., concur.

---

1. All statutory references are to RSMo.1969. § 560.090 is in pertinent part as follows: "Every person who shall wrongfully break into or enter any schoolhouse or building used as a schoolhouse, or any church building, or other building used for church purposes or for other religious or educational purpose . . . shall be adjudged guilty of a misdemeanor, and shall be punished by imprisonment in the county jail not exceeding six months nor less than thirty days or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

2. § 560.040 prescribes as first degree burglary, a "breaking into and entering the dwelling house of another, in which there shall be at the time some human being . . . ."