STATE of Missouri, Respondent,

v.

Kelvin STONE, Appellant.

No. 38870.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 5, 1978.

Robert C. Babione, Public Defender, Jeffrey J. Shank, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Michael Finkelstein, Asst. Attys. Gen., Jefferson City, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of burglary, second degree and resultant seven year sentence by the court pursuant to the Second Offender Act. We affirm.

Defendant's sole point on appeal is that the trial court erred in failing to instruct the jury on trespass which he claims is a lesser included offense of burglary second. There was evidence, based upon statements made by defendant to the prosecuting witness, that defendant believed the burglarized building to be abandoned and that he had no intention to steal but simply to reduce abandoned property to possession. There was also evidence that the building had a no trespassing sign on it.

In *State v. Price*, 365 S.W.2d 534 (Mo. 1963), cert. den., 374 U.S. 811, 83 S.Ct. 1702, 10 L.Ed.2d 1034 (1963) and *State v. Meeks*, 458 S.W.2d 245 (Mo.1970) it was held that trespass is not a lesser included offense of burglary, second degree, Sec. 560.070, RSMo 1969. Defendant contends, however, that an amendment in 1973 of the trespass statute, Sec. 560.447 RSMo Supp.1975, has changed that law sufficiently so that trespass is now a lesser included offense of burglary second.

■ It is the obligation of the trial court to instruct on all lesser included offenses supported by the evidence and it is error for the court to fail to do so. *State v. Fleming*, 528 S.W.2d 513 (Mo.App.1975) [1, 3]. There is no obligation, and in fact it could be erroneous for the court to instruct on an offense not specifically charged in the information or indictment unless it is a lesser included offense. This is because a defendant may not be convicted of an offense not charged in the information or indictment. *State v. Billingsley*, 465 S.W.2d 569 (Mo.1971) [1, 2]. In contemplation of law, a charge of one crime covers all lesser crimes necessarily included within it. The test to be applied to determine whether an offense is a lesser included offense is stated in *State v. Amsden*, 299 S.W.2d 498, 504 (Mo.1957) [11, 12]:

" 'If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater'."

■ From this definition it can be seen that an offense does not become a lesser included offense because all of the elements of the lesser offense are supported by evidence at the trial. Rather, all elements of the lesser offense must be necessary to establish the greater offense when added to an additional element or elements. In short, the fact that the evidence establishes guilt of the defendant of a lesser crime does not necessarily mean that that crime is a lesser included offense and must be instructed upon.

It is at least arguable that our criminal procedure should be structured so that a defendant may upon specific request require that the jury be instructed on designated crimes of lesser magnitude which are supported by the evidence. Such a request could and should constitute a waiver of defendant's right to be convicted only of those crimes charged or necessarily included in the crimes charged. Such a procedure would serve to allow a defendant whose defense is based upon the contention that he committed a crime of lesser consequence but not the one with which he is charged to have the jury consider such defense without the choice of finding guilt of the higher offense or acquitting defendant altogether. For a case in which such an instruction would obviate this choice see *State v. Amsden, supra*. However, our law does not require such an instruction.

■ Burglary second degree requires proof of (1) breaking and entering, (2) any building, etc., (3) where there are human beings or goods, wares, merchandise or other valuable things kept or deposited, (4) with intent to steal or commit a crime therein, (5) under circumstances not burglary in the first degree. Sec. 560.070 RSMo 1969.

Trespass requires proof that defendant has willfully entered or remained upon

property where (1) he has been forbidden to enter or remain by personal communication *or* (2) which has been posted *or* (3) which is residential within a city, town or village. Sec. 560.447 RSMo Supp.1975.

It is apparent that the presence of no trespassing signs upon the property where defendant was discovered was not an element of the crime of burglary second degree. While the presence of the sign was evidentiary support for the element of intent to steal and served to refute defendant's contention that he believed the property to be abandoned, it was legally unnecessary that the premises be posted to support a conviction for burglary. Since, however, the property was not residential and defendant had not been specifically forbidden to enter or specifically ordered to leave the property, the posting of the premises was a necessary element for the crime of trespass. Under the test of *State v. Amsden, supra,* the requirement of notice of unwelcomeness (or that the property is residential which presumably carries the same message to a stranger) is an added element of trespass and renders that crime not a lesser included offense of burglary second. The trial court did not err in failing to instruct on trespass.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.