STATE of Missouri, Respondent,

v.

Paul SMITH and Paul Edward
Hodges, Appellants.

No. 61378.

Supreme Court of Missouri,
En Banc.

Dec. 6, 1979.

James Porter, Asst. Public Defender, St.
Louis, for appellants.

John Ashcroft, Atty. Gen., Michael H.
Finkelstein, Asst. Atty. Gen., Jefferson
City, for respondent.

DONNELLY, Judge.

Appellants, jointly tried, appealed from
their conviction by a jury of burglary,
second degree and resultant seven year sen-
tences by the court pursuant to the Second
Offender Act. This case was transferred
after opinion by order of the Missouri Court
of Appeals, Eastern District, for reexamina-
tion and clarification of the standard for
determining the lesser included status of
criminal offenses established in *State v.
Amsden,* 299 S.W.2d 498 (Mo.1957). We
decide the case the same as on original
appeal. Mo.Const. art. V, § 10.

Appellants' sole point on appeal is that
the trial court erred in failing to instruct
the jury on trespass which they claim is a
lesser included offense of burglary in the
second degree.

A trial court must instruct on all
lesser included offenses supported by the
evidence, and it is error for the court to fail
to do so. *State v. Fleming,* 528 S.W.2d 513
(Mo.App.1975). A court may not instruct
on an offense not specifically charged in the
information or indictment unless it is a
lesser included offense. This is because due
process requires that a defendant may not
be convicted of an offense not charged in
the information or indictment. *State v.
Billingsley,* 465 S.W.2d 569 (Mo.1971). The
test to be applied to determine whether an
offense is a lesser included offense was
stated in *State v. Amsden,* 299 S.W.2d 498,
504 (Mo.1957):

"The statement of the general rule necessarily implies that the lesser crime must be included in the higher crime with which the accused is specifically charged, and that the averment of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser, to sustain a conviction of the latter offense.

"If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater."

The *Amsden* test has caused some confusion because it speaks of both "averment of the indictment," and "legal and factual elements."

The opinion written in the Court of Appeals before transfer posed the question as follows: How do we determine whether burglary in the second degree of a dwelling house requires an instruction on the lesser offense of trespass? Two approaches seem possible: (1) compare the *statute* of the greater offense with the factual and legal elements of the lesser offense or (2) compare the *charge or averment* of the greater offense with the legal and factual elements of the lesser offense.

In *State v. Friedman,* 398 S.W.2d 37, 40 (Mo.App.1965), the court properly interpreted *Amsden* to hold "that to be a necessarily included lesser offense it is essential that the greater offense include *all* of the legal and factual elements of the lesser * * ." See also *State v. Fleming, supra,* for an application of the *statutory element* test. A majority of other jurisdictions follow the *statutory element* test. 4 Wharton's Criminal Procedure § 545 (12th ed. 1976). *E. g., State v. Reynolds,* 250 N.W.2d 434, 439 (Iowa 1977); *State v. Leeman,* 291 A.2d 709, 710 (Me.1972); *People v. Jones,* 45 Mich. App. 373, 206 N.W.2d 453, 454–55 (1973); *State v. Butler,* 44 Ohio App.2d 177, 337 N.E.2d 633, 638 (1974); *Randolph v. State,* 83 Wis.2d 630, 266 N.W.2d 334, 339–40 (1978). *See also* Annot., 11 A.L.R. Fed. 173, indicating that this approach is used in the federal system under Federal Rules of Criminal Procedure, Rule 31(c), 18 U.S.C.A.

■ Accordingly, the essential question in this case is: does § 560.070, RSMo 1969 (burglary in the second degree) include *all* of the statutory elements of § 560.447, RSMo Supp. 1975 (trespass)?

In *State v. Stone,* 571 S.W.2d 486, 487–88 (Mo.App.1978), the court described the offenses as follows:

"Burglary second degree requires proof of (1) breaking and entering, (2) any building, etc., (3) where there are human beings or goods, wares, merchandise or other valuable things kept or deposited, (4) with intent to steal or commit a crime therein, (5) under circumstances not burglary in the first degree. Sec. 560.070 RSMo 1969.

"Trespass requires proof that defendant has willfully entered or remained upon property where (1) he has been forbidden to enter or remain by personal communication *or* (2) which has been posted *or* (3) which is residential within a city, town or village. Sec. 560.447 RSMo Supp. 1975."

In *Stone,* the court then concluded that under the *Amsden* test "the requirement of notice of unwelcomeness (or that the property is residential which presumably carries the same message to a stranger) is an added element of trespass and renders that crime not a lesser included offense of burglary second." We agree. The trial court did not err in failing to instruct on trespass.

The convictions are affirmed.

All concur.