**STATE of Missouri, Respondent,**

v.

**James Gaylord NEIGHBORS, Appellant.**

No. WD 31315.

Missouri Court of Appeals,
Western District.

Dec. 30, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1981.

James G. Gregory, Montgomery City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant was charge as a "persistent offender" (Section 558.016, RSMo 1978) with two counts of burglary in the second degree, a class C felony (Section 569.170, RSMo 1978).[1]   Count one, in essence, charged that on or about January 27, 1979, defendant, acting in concert with another, "knowingly entered unlawfully" an "inhabitable structure" located at Summit Plaza, Holts Summit, Callaway County, Missouri, owned by Summit Realty Company, a corporation, for the purpose of "committing property damage in the third degree therein."   Count two, in essence, charged that on or about January 27, 1979, defendant acting in concert with another, "knowingly entered unlawfully" and "inhabitable structure" located in Summit Plaza, Holts Summit, Callaway County, Missouri, "possessed" by Bruce Eilers, d/b/a Eilers Drug Store, for the purpose of "committing stealing therein."

A jury found defendant guilty as charged under counts one and two of the information and assessed his punishment, respectively, at one and three years imprisonment. The trial court, pursuant to Section 558.016

---

1. All statutes referred to herein are part of "The Criminal Code" effective January 1, 1979.

and 558.021, RSMo 1978, extended defendant's punishment under count one of the information to five years confinement in the Missouri Department of Corrections and under count two of the information to ten years confinement in the Missouri Department of Corrections, said sentences to run concurrently. Judgment and sentence were entered accordingly.

Defendant does not question the sufficiency of the evidence to sustain his conviction under either count of the information. The only point of error relied upon by defendant is that the trial court erred in failing to instruct the jury on trespass in the first degree (Section 569.140, RSMo 1978) and trespass in the second degree (Section 569.150, RSMo 1978) because each is a "lesser included offense" of burglary in the second degree. Two questions are inherent in this point of error. Are both trespass in the first degree and trespass in the second degree lesser included offenses of burglary in the second degree? Was the evidence such that the trial court erred in failing to instruct the jury as to such offenses determined to be lesser included offenses? A comprehensive review of the evidence is mandated by virtue of the latter question. Incidentally, such a review will also demonstrate that substantial evidence existed from which the jury could, and obviously did, find defendant guilty of both charges of burglary in the second degree. The only evidence in the case was that offered by the state, as defendant did not take the stand or offer any evidence in his behalf.

On January 27, 1979, Summit Realty Company, a corporation, was the owner of a shopping center in Holts Summit, Missouri, at the northwest corner of the junction of U.S. 54 and State Route 00, which consisted of two one-story rectangular buildings. One building ran north and south and fronted towards the east, the other ran east and west and fronted toward the south, and a driveway ran between them. The east-west building contained seven rental units three of which were occupied by tenants and four of which were not. Bruce Eiler, d/b/a Eilers Drug Store, occupied the third rental unit from the west end of the east-west building. The rental unit immediately west of the unit occupied by Eilers Drug Store, although not occupied by a permanent tenant, contained a number of tools and construction materials.

Shortly after midnight on January 27, 1979, a burglar alarm sounded in Eilers Drug Store and two men were observed running in a northwesterly direction from the north side of the east-west building. A trailer park was located north of the shopping center and an open field "that goes to a kind of a little drainage ditch" lay west of the shopping center. There was snow on the ground at the time and a police officer who arrived at the scene traced two sets of bootprints in the snow which led up to the back door of the rental unit immediately west of Eilers Drug Store. The lock on the back door of the rental unit immediately west of Eilers Drug Store was "jimmied" or broken. A large hole was observed in the plasterboard wall which separated the two rental units heretofore mentioned. Bootprints were also observed on the carpeted floor of the Eilers Drug Store leading from the hole in the plasterboard wall to the "prescription area". These bootprints stopped a few feet from a "motion detector", which formed a part of a burglar alarm system in the Eilers Drug Store, and then "turned back". Eilers Drug Store had closed for business at approximately 9:00 P.M. on the night of January 26, 1979, and at that time all doors were locked and the burglar alarm system was set. Two sets of bootprints were also observed in the snow leading from the north side of the east-west building going in the same direction in which the two men had been observed running. A police officer traced these bootprints to the drainage ditch west of the shopping center where two men, one of whom was later identified as the defendant, were found hiding. White dust found on defendant's clothing at the time he was apprehended had characteristics similar to that of a sample taken from the plasterboard of the wall in which the hole had been made.

As previously noted, disposition of the point raised by defendant on appeal involves two questions. The first question posed is whether trespass in the first degree (Section 569.140, *supra*) and trespass in the second degree (Section 569.150, *supra*) are lesser included offenses of burglary in the second degree (Section 569.170, *supra*). The following test for determining whether an offense is a lesser included offense was adopted in *State v. Amsden*, 299 S.W.2d 498, 504 (Mo.1957): " 'The statement of the general rule necessarily implies that the lesser crime must be included in the higher crime with which the accused is specifically charged, and that the averment of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser, to sustain a conviction of the latter offense. If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.' " This test was reaffirmed in *State v. Smith*, 592 S.W.2d 165 (Mo. banc 1979), and therein referred to as the "statutory element test". *State v. Friedman*, 398 S.W.2d 37, 40 (Mo. App.1965), interpreted the test approved in *State v. Amsden, supra*, as requiring "that to be a necessarily included lesser offense it is essential that the greater offense include *all* of the legal and factual elements of the lesser ...." Further interpretation of the approved test is found in *State v. Fleming*, 528 S.W.2d 513, 515 (Mo.App.1975): "An instruction on a lesser offense is not proper unless it is impossible to commit the greater without first committing the lesser, for otherwise the lesser is not properly a lesser offense to the greater."

Burglary in the second degree is statutorily prescribed in Section 569.170, *supra*: "1. A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein. 2. Burglary in the second degree is

a class C felony." By force of statute, Section 569.170, *supra*, the elements of burglary in the second degree are (1) knowingly entering unlawfully or knowingly remaining unlawfully (2) in a building or inhabitable structure (3) for the purpose of committing a crime therein.

Trespass in the first degree is statutorily prescribed in Section 569.140, RSMo 1978: "1. A person commits the crime of trespass in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property. 2. A person does not commit the crime of trespass in the first degree by entering or remaining upon real property unless the real property is fenced or otherwise enclosed in a manner designed to exclude intruders or as to which notice against trespass is given by: (1) Actual communication to the actor; or (2) Posting in a manner reasonably likely to come to the attention of intruders. 3. Trespass in the first degree is a class B misdemeanor." By force of statute, Section 569.-140, *supra*, the elements of trespass in the first degree are (1) knowingly entering unlawfully or knowingly remaining unlawfully (2) in a building or inhabitable structure or, under statutorily prescribed conditions, upon real property. It is patent that trespass in the first degree may be committed with respect to either (1) a building or inhabitable structure or (2) real property under statutorily prescribed conditions. Application of the "statutory element test" adopted in *State v. Amsden, supra*, supports the conclusion that trespass in the first degree (Section 569.140, RSMo 1978) is a lesser included offense of burglary in the second degree (Section 569.170, RSMo 1978). A comparison of the statutory elements of the greater offense of burglary in the second degree with those of the lesser offense of trespass in the first degree makes manifest that every element of the lesser offense of trespass in the first degree committed with respect to a building or inhabitable structure is included in the greater offense of burglary in the second degree. As all the necessary statutory elements of

trespass in the first degree committed with respect to a building or inhabitable structure are included in burglary in the second degree, trespass in the first degree, perforce, is a lesser included offense of burglary in the second degree. Conversely, it is impossible to commit burglary in the second degree without also committing trespass in the first degree. *State v. Fleming, supra.* By way of further explication, commission of the first two elements of burglary in the second degree, i. e. (1) knowingly entering unlawfully or knowingly remaining unlawfully (2) in a building or inhabitable structure, necessarily constitutes commission of one form of trespass in the first degree. Thus, there is no escape from the conclusion that trespass in the first degree is a lesser included offense of the greater offense of burglary in the second degree.

▮ Attention next focuses on whether trespass in the second degree is also a lesser included offense of burglary in the second degree. Trespass in the second degree is statutorily prescribed in Section 569.150, RSMo 1978: "1. A person commits the offense of trespass in the second degree if he enters unlawfully upon real property of another. This is an offense of absolute liability. 2. Trespass in the second degree is an infraction." By force of statute, Section 569.150, *supra*, the elements of trespass in the second degree are (1) entering unlawfully (2) upon real property (3) of another. Application of the "statutory element test" approved in *State v. Amsden, supra*, compels the conclusion that trespass in the second degree is not a lesser included offense of burglary in the second degree. Trespass in the second degree is committed by entering unlawfully upon *real property* of another. Burglary in the second degree, on the other hand, can only be committed by knowingly entering unlawfully or knowingly remaining unlawfully in a "building or inhabitable structure". The statutory definition of "inhabitable structure" found in Section 569.010(2), RSMo 1978, which reads in part that "'*Inhabitable structure*' includes a ship, trailer, sleeping car, airplane, or other vehicle or structure ...", makes clear that an "inhabitable structure" is distinguishable from "real property" in the generic sense the latter term is used in Section 569.150, *supra*. The distinction just noted makes clear that burglary in the second degree can be committed without committing trespass in the second degree. *State v. Fleming, supra*. The mere fact that the evidence in this case might also support a conviction for trespass in the second degree does not vitiate the conclusion that trespass in the second degree, as gauged by the "statutory element test", is not a lesser included offense of burglary in the second degree. The rationale for this proposition is clearly and succinctly set forth in *State v. Stone,* 571 S.W.2d 486, 487 (Mo.App.1978): "From this definition [referring to the "statutory element test" adopted in *State v. Amsden,* 299 S.W.2d 498 (Mo.1957)] it can be seen that an offense does not become a lesser included offense because all of the elements of the lesser offense are supported by evidence at the trial. Rather, all elements of the lesser offense must be necessary to establish the greater offense when added to an additional element or elements. In short, the fact that the evidence establishes guilt of the defendant of a lesser crime does not necessarily mean that that crime is a lesser included offense and must be instructed upon."

▮ Having concluded that trespass in the first degree (Section 569.140, RSMo 1978) is a lesser included offense of burglary in the second degree (Section 569.170, RSMo 1978), but that trespass in the second degree (Section 569.150, RSMo 1978) is not, the only remaining question is whether the trial court erred in not instructing the jury on trespass in the first degree with respect to both counts of burglary in the second degree.[2] Initially, a look at Section 556.-

---

2. Having concluded that trespass in the second degree (Section 569.150, RSMo 1978) is not a lesser included offense of burglary in the second degree (Section 569.170, RSMo 1978), it was not only unnecessary, but would have con-stituted error, for the court to have instructed the jury on trespass in the second degree. *State· v. Smith,* 592 S.W.2d 165 (Mo. banc 1979).

046.2, RSMo 1978, which reads as follows, is in order: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." The Committee Comment appended to Section 556.046, *supra*, in Vernon's Annotated Missouri Statutes states, inter alia, that "[i]t is also consistent with the general rule that instructions on the included offenses are not required unless there is a basis for finding the accused innocent of the higher offense *and* guilty of the lesser." In support of this statement, the Committee cites *State v. Craig*, 433 S.W.2d 811 (Mo.1968), which holds that where proof of a defendant's guilt of an offense charged is strong and substantial and the evidence clearly shows commission of the offense charged, it is unnecessary to instruct on a lesser included offense. Id. 815–16. *State v. Harris*, 598 S.W.2d 200, 203 (Mo.App.1980), addressing the issue in a more narrow sense, holds that "[i]n a non-homicide case whether an instruction should be given on a lesser included offense depends upon whether there are facts in evidence sufficient to arguably show a lack of an essential element of the higher degree of the offense." When the core principles just mentioned are superimposed upon the evidence in this case, they inevitably lead to the conclusion that the trial court did not commit error by failing to instruct on the lesser included offense of trespass in the first degree. Proof of defendant's guilt of burglary in the second degree under both counts of the information, albeit circumstantial, was strong and substantial. Defendant, as previously noted, did not take the stand or offer any evidence in his behalf. Hence, there was no evidence to bend, distort, or contradict the reasonable inference that defendant was in the respective buildings solely for the purpose of committing the respective crimes alleged in the two burglary counts.

Judgment affirmed.

All concur.