**STATE of Missouri, Respondent,**

v.

**Joseph SEDDENS, Appellant.**

**No. WD 31964.**

Missouri Court of Appeals,
Western District.

Oct. 6, 1981.

Rehearing Overruled and Denied
Nov. 10, 1981.

Larry O. Denny, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and PRITCHARD and CLARK, JJ.

CLARK, Judge.

Joseph Seddens was charged with and convicted of kidnapping and robbery in the first degree and was sentenced to consecutive terms of eleven and sixteen years for the respective offenses. On this appeal, he claims that the evidence was insufficient to justify submission of either charge, that instructions on lesser included offenses were erroneously omitted and that he was entitled to but was not afforded Instruction MAI–CR2d 2.37.3(2), the so-called "Claim of Right" defense instruction. Affirmed.

Because the facts of the case are explicitly involved in each of the points relied on, a detailed account of the evidence cannot be avoided. That evidence, testing its sufficiency to sustain the jury's verdicts, is viewed on the assumption that the state's evidence was true, all evidence and inferences to the contrary are disregarded and the state is afforded the benefit of all favorable inferences. *State v. Jones*, 594 S.W.2d 932, 935 (Mo.1980).

In the late evening hours of September 5, 1979, one Avery was in his automobile stopped at a traffic light in downtown Kansas City. Two black males approached on foot and asked Avery to drive them to the bus depot. When Avery refused, one of the men drew a gun and demanded that Avery do as he ordered. Avery identified Seddens as his revolver wielding and unwanted passenger. On arrival at the bus depot, Seddens' companion left the car but soon returned with a woman and luggage. Avery was then informed that the group wanted to go to St. Louis and he should drive to a gas station to obtain fuel. At the second station visited in the search for a facility with proper fuel, Avery made his escape by leaving the car to unlock the tank cap and fleeing to nearby woods taking the car keys with him.

One Spivey was also at this same filling station and was there approached by a black male who offered Spivey twenty dollars for a trip to the bus station. When Spivey agreed, the man was joined by another black male and a woman, the former being later identified by Spivey as Seddens. The three then forced open the trunk of the car in which they had been seated, extracted several suitcases and loaded them in Spivey's car. En route to the bus station, Seddens displayed his revolver and informed Spivey that the trio wanted to go to St. Louis and would pay him forty dollars. When Spivey refused, the car was pulled to a stop at the roadside and all got out of the vehicle, Spivey continuing to protest that he would not drive the group to St. Louis. Seddens and his companions thereupon returned to the car and drove off leaving Spivey standing by the road. Soon thereafter, Spivey located a police officer, described the events, and instructions to stop the vehicle and arrest the occupants were broadcast.

At approximately 2:00 a.m. on September 6, 1979, a deputy sheriff in Lafayette County was dispatched to investigate an automobile accident on Interstate Highway 70. He found there a wrecked auto, later identified as the car taken from Spivey, and an injured black male. Another black male and a female were pointed out by spectators to be hiding beyond an embankment. Neither was then apprehended but later, in response

to radio messages from truckers, officers located Seddens walking along the highway. He was arrested after attempting to run and being felled with a shot to the leg. Seddens was identified as the black male seen near the automobile wreck, and the injured man at the accident scene was identified as Seddens' companion in the episodes with Avery and Spivey.

Realigning and combining Seddens' points on appeal for clarity, we first consider the contention that insufficient evidence supported submission of the offenses of robbery and kidnapping. With respect to the latter, Seddens argues that an essential element of kidnapping charged here under § 565.110.1(4), RSMo 1978 was proof that Avery was unlawfully removed from the place where he was found for the purpose of facilitating commission of the felony of stealing Avery's motor vehicle. Conceding that the evidence demonstrated Avery's forcible removal at gunpoint, Seddens contends that there was no stealing of the car because there was no attempt to secure exclusive possession and, in fact, he and his companions wanted Avery to remain with the car to drive the group to St. Louis.

▮ The offense of stealing, § 570.030, RSMo 1978, entails appropriation of the property of another with the purpose to deprive him thereof without his consent. It has been held under the prior statute, § 560.156, RSMo 1969, that the felonious taking is complete when the offender wrongfully assumes complete dominion over the property of another inconsistent with the owner's rights. *State v. Knabe*, 538 S.W.2d 589, 592 (Mo.App.1976). By statutory definition, § 570.010(3), RSMo Supp.1980, appropriation is equivalent to taking. The current statute therefore interjects no different element and stealing remains an offense committed by wrongful assertion of dominion over the property of another.

▮ In the present case, Seddens exercised complete and exclusive control over the use and movement of Avery's car directing that it first be driven to the bus station and then on the aborted trip to St. Louis. Avery was deprived of the use of the vehicle without his consent and it is of no moment that Avery himself was the instrument Seddens used to accomplish the appropriation. The evidence was sufficient to sustain the charge that Avery was kidnapped for the purpose of facilitating the stealing of his motor car.

▮ As to the offense of robbery, which entailed the taking of Spivey's car, Seddens advances a similar argument. He again suggests that there was no endeavor to deprive Spivey of the car, with or without threatened use of force and, hence, there was no robbery. Seddens bases this contention on the efforts of the group to persuade Spivey to drive them to St. Louis and what Seddens characterizes as Spivey's voluntary abandonment of his car to the group so that Spivey could avoid a trip to St. Louis.

Apart from the fact that Seddens suggests no explanation as to why, absent forceful coercion, Spivey would surrender his automobile to strangers leaving himself by the roadside in the early morning hours, the evidence refutes Seddens' reconstruction of the facts. In Spivey's own words explaining why he gave Seddens and his companions the car: " * * * when you're looking at a .45 automatic, it does all the talking, and no questions asked." Moreover, Spivey promptly reported the automobile as stolen. The evidence was sufficient to support the charge of robbery in the first degree.

In his next two points, Seddens contends that the trial court erred in failing to instruct the jury on the offenses of false imprisonment and felonious restraint which he argues are lesser offenses included in kidnapping. At trial, instructions on these offenses were offered on behalf of Seddens but were refused by the court. Seddens argues that refusal of the instructions was error because he was deprived of the opportunity for the jury to consider the lesser offenses as alternatives to conviction or acquittal of kidnapping. The initial question is whether false arrest and felonious restraint are lesser offenses included in kidnapping.

The test to identify lesser included offenses has been described in various cases. If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser. *State v. Amsden*, 299 S.W.2d 498 (Mo.1957). The greater offense must include all the elements of the lesser included offense. *State v. Smith*, 592 S.W.2d 165 (Mo. banc 1979). A lesser offense is not included in a greater unless it is impossible to commit the greater offense without first committing the lesser. *State v. Fleming*, 528 S.W.2d 513 (Mo.App. 1975).

The offense of kidnapping is defined by § 565.110, RSMo 1978 as (1) the unlawful removal of a person from the place where he is found, or the unlawful confinement of a person for a substantial period of time (2) without consent, and (3) to accomplish one of five objectives enumerated in the statute. The offense of false imprisonment is defined by § 565.130, RSMo 1978 as (1) knowingly and unlawfully restraining a person (2) without consent, and (3) to interfere substantially with the person's liberty. The offense of felonious restraint is defined by § 565.120, RSMo 1978 as consisting of the elements which comprise the offense of false imprisonment with the added element of the victim's exposure to substantial risk of serious physical injury.

We assume preliminarily that the terms "unlawfully confines another" as used in § 565.110, RSMo 1978 and "knowingly restrains another unlawfully" as used in § 565.130, RSMo 1978 refer to the same condition and would be established on proof of the same facts. This wording dissimilarity aside, comparison of the elements of kidnapping and false imprisonment discloses that all elements of false imprisonment are included in the offense of kidnapping, provided the kidnapping charge is predicated on unlawful confinement and not on unlawful removal. As elements of kidnapping, confinement or removal are separate and alternative, the legislature having chosen to phrase the statutory proscription in this form.

The offenses of kidnapping and false arrest lose mutual identity when the element charged in kidnapping is unlawful removal. The restraint of a person necessary to constitute false arrest is present factually in the proof of kidnapping only where the accused has perpetrated the kidnapping by unlawfully confining another without his consent for a substantial period. Application of this distinction is illustrated in the subject case where the indictment charged Seddens with the unlawful removal of Avery from the place where Seddens confronted him at the traffic light. No confinement of Avery was charged, none was necessary to convict Seddens of kidnapping and no factual basis was therefore present to convict Seddens of false imprisonment.

The particular facts of the case, however, do not provide the test for initial determination of potential submission of lesser included offenses. As was pointed out in *State v. Neighbors*, 613 S.W.2d 143 (Mo.App.1980), the charge or averment test alluded to in *Amsden, supra* is eschewed in favor of the statutory element test. It is the comparison of statutory elements which controls. Thus, apart from the absence of charge or proof that Seddens confined or restrained Avery, Seddens was not entitled to a submission of false arrest because in committing the offense of kidnapping by unlawful removal of the victim, the accused does not commit false arrest under the elements of the statute. Kidnapping can be committed without offending against the statute defining false arrest. The latter is therefore not a lesser included offense of kidnapping.

As to felonious restraint, a greater offense including false arrest as a lesser offense, the same reasoning applies because of the elements common to both. Additionally, felonious restraint is not a lesser included offense of kidnapping because an element of the former, exposure of the victim to substantial risk of serious physical injury, is not a necessary element of kidnapping. A potential objective of kidnapping may be the infliction of injury upon

the victim, but, as in the circumstance of confinement, it is an alternate to other purposes upon the basis of which a valid conviction for kidnapping may be obtained. The necessary identity of elements is lacking.

The court did not err in refusing to instruct the jury on the offenses of false arrest and felonious restraint.

■ Finally, Seddens complains that he was erroneously denied instruction MAI–CR2d 2.37.3(2) to which he was entitled under § 570.070, RSMo 1978, an instruction which Seddens contends the court should have given sua sponte. As a basis for the instruction, he contends the jury should have considered his defense that he could not be convicted of robbery because Seddens entertained an honest belief he had the right to take Spivey's car with Spivey's consent and permission. He asks that the point be considered as plain error.

The evidence on this issue has previously been recounted in some detail. Suffice it to say that any subjective conclusion Seddens may have formed as to a voluntary and gratuitous loan by Spivey of his vehicle finds no support whatever in the evidence. Seddens did not testify and he offered no evidence. The only evidence on the subject was the testimony of Spivey that the car was taken from him at gunpoint and this was circumstantially confirmed by the prompt report by Spivey that his car had been stolen. The issue of claim of right was not present in the case and it was not error to give no instruction to the jury on the subject.

The judgment is affirmed.

All concur.