STATE of Missouri, Respondent,

v.

Ronald BOYD, Appellant.

No. KCD 28966.

Missouri Court of Appeals,
Kansas City District.

Oct. 31, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, 16th Judicial Circuit, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The defendant was convicted of assault with intent to rape without malice aforethought and was sentenced to imprisonment for a term of five years. On appeal he contends the proof was insufficient for conviction.

The evidence taken most favorable to the jury verdict shows that a female acquaintance of T. C., the victim, brought two men to her apartment for an evening of badinage. In a short time, the victim and the defendant left to purchase some soft drinks. She did not learn until later that what the defendant had obtained and consumed was wine. Some four hours after arrival, the other couple left the apartment but the defendant remained on the expectation that the other man was to return for him.

He left the apartment to see if his ride had come, and when it did not, he asked to re-enter the apartment to summon a ride. He then sat for a while and commenced to act and speak strangely and intimidated T. C. by talk and manual gestures of assault. She became frightened and went next door to ask a neighbor for help, but he refused to become involved. The defendant followed her into the hallway and when she attempted to keep him from re-entrance, he forced his way into the apartment and told her he was about to beat her with his knuckles.

T. C. went for a can of mace in the bedroom and the defendant followed. As she attempted to spray the mace, he took

her arm and began to choke her. As they struggled, he ripped her pants and brassiere off and her jeans fell. She attempted to escape through the back door, but he grasped her around the neck, threw her upon the bed and began to throttle her. By then, his trousers were undone and down, and his penis was exposed and erect. The police arrived as he hovered over her in that posture.

This evidence proves a prima facie assault with an intent to rape. The defendant concedes that an assault contemplates some intentional offer of bodily injury to another under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to carry out the attempt, if not prevented. *State v. Parker,* 378 S.W.2d 274, 282 (Mo. App.1964). This definition, the defendant argues, involves an overt act which the evidence lacks—and that, at best, nothing more was proved than a preparation to do injury unaccompanied by the act.

His contention becomes curious in the context of the evidence that the defendant was discovered in the very act of violent seizure of the victim for illicit intercourse. If, as appears, the defendant means to argue that the spray of mace upon him was a provocation against which he could lawfully defend, it need only be said that strangulation and sexual aggression were not reasonable responses.

The judgment is affirmed.

All concur.