STATE of Missouri, Respondent,

v.

William ELLIOTT, Appellant.

No. 59744.

Supreme Court of Missouri,
En Banc.

Dec. 19, 1977.

Robert A. Simons, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

The state, by information substituted for indictment, charged defendant with assault under § 559.180, RSMo 1969—specifically, that he did willfully, feloniously, knowingly, on purpose and with malice aforethought, "shoot at Carol A. Medley with . . . a .12 gauge shotgun . . . with intent to injure . . . the said Carol A. Medley . . . "

Defendant, on this information, was convicted of the felony of shooting into a dwelling and sentenced to two and a half years imprisonment.[1] He appeals, contending that it was error to submit to the jury the crime of shooting into a dwelling as he was not charged with that and it is not a lesser included offense of the crime of assault, and also that the court erred in refusing to submit common assault to the jury.[2]

We agree with the first contention and reverse and remand.

The facts are that defendant and one Dennis Medley and their families lived in the same general residential area. The two men had an argument on the evening of January 2, 1976 over Medley's having shot defendant's dog a month or so earlier with a pellet from an air gun. Defendant demanded Medley reimburse him for a $150.00 veterinarian's bill allegedly incurred in having the dog's injury treated. Medley refused. Later that evening and continuing into the early morning hours, Medley received a series of telephone calls from defendant, threatening, so Medley said, his life and "to have a contract put out" on him.

Around 5:20 a.m., defendant called and said he was coming over to kill Medley and his family. Defendant admitted making the call but insisted that what he said was "I was going to come by and damage his property".

After receiving the last telephone call, Mr. Medley went to the rear of the house, to the bathroom window, thinking defendant might approach from the rear, while his wife, Carol Medley, went to the window in the upstairs spare bedroom in the front of the house, next to the bedroom where their

small boy was sleeping. It was dark outside. There was no evidence as to whether there were lights on in any part of the Medley house or whether Mrs. Medley could have been or was seen from the street.

Within a few minutes defendant drove past the front of the Medley residence and fired four shots from a .12 gauge shotgun. One and perhaps two shots went through a window in the living room. Another went through the window of the front bedroom, near where Medley's wife was standing and looking out. The fourth apparently struck the roof. Mrs. Medley was not hit or injured.[3]

Defendant admitted he fired the shots. He said he was drunk and that he had no intention of shooting anyone in the house, that he expected the occupants to be out of the house. Defendant testified he fired two shots in the air and two into the picture window. He denied being "mad" at Mrs. Medley, or that he had threatened her, or that he had any intention of shooting anyone. His explanation of his purpose in shooting out the window was, "I just figured he shot my dog, I'd shoot his window out and be even."

The state concedes that under two cases, *State v. Amsden*, 299 S.W.2d 498 (Mo.1957) and *State v. Friedman*, 398 S.W.2d 37 (Mo. App.1965) shooting into a dwelling is not a lesser included offense of assault with intent to injure or do great bodily harm, but urges us to reconsider that position.

In *State v. Amdsen, supra*, defendant, in a case where he was convicted of rape, § 559.260, RSMo 1949, complained of the failure to instruct as part of the law of the case on the offense of carnal knowledge of

---

1. Sections 562.070 and 546.490, RSMo 1969.

2. Normally, of course, an appeal on grounds such as above would be to the court of appeals, not here, but defendant also appealed on the constitutional ground that the provision of the Missouri constitution giving women the right to be excused is, in the abstract, per se invalid and unconstitutional. In the meantime, the point has been decided against defendant's position in *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977). So we need not pass on that

again, but having acquired appellate jurisdiction on a constitutional issue, we will decide the remaining issues. *City of St. Louis v. Flynn*, 386 S.W.2d 44, 47 (Mo.1975).

3. A snapshot of the upstairs window was a exhibit in evidence. The shotgun pellets went through the window in a concentrated pattern. Obviously, had Mrs. Medley been standing in their path the results would have been disastrous.

an unmarried female of previously chaste character between the ages of 16 and 18 by a person over the age of 17 years, § 559.300 RSMo 1949. The prosecutrix was 16 and the defendant was 18. The court held there was no error; that there were necessary elements in § 559.300, which were not included in § 559.260. Hence, the lesser was not necessarily included in the greater.

In *State v. Friedman, supra*, defendant was charged with passing a no account check, § 561.450, RSMo 1959, and convicted of passing an insufficient funds check, under § 561.460, RSMo 1959. One contention by defendant was that the latter was not a lesser included offense of the former. The court agreed, citing *State v. Amsden, supra*, and pointing out that under § 561.460 it must be alleged both that the drawer knew he had insufficient funds and no credit arrangements with the bank for the payment of such a check. This element of knowledge of lack of funds and credit is an additional element under § 561.460 and hence the court said it followed that a § 561.460 offense is not a necessarily included offense under § 561.450.

The state argues that even though shooting into a dwelling is not a legal element of assault, an assault can be committed by firing a weapon into a dwelling; therefore the offense of firing into a dwelling is necessarily included in the assault charge. This confuses the means of execution with the conduct prohibited and overlooks the fact that the lesser offense requires a shooting into a dwelling, something not required for felonious assault. As we know, Mrs. Medley was not struck by any of defendant's four shots, but an assault may be committed without a touching or striking. *State v. Hawkins*, 418 S.W.2d 921, 924 (Mo.banc 1967); *State v. Eddy*, 199 S.W. 186 (Mo.1917). If the jury had found defendant guilty of a felonious assault upon Mrs. Medley, it would be from his act of intentionally discharging four shots in her direction from close range. The fact that to reach her the shots had to penetrate a dwelling was only incidental to the assault. In *State v. Treadway*, 558 S.W.2d 646, decided November 10, 1977, this court held that the fact that the crime of first degree robbery is committed by use of a gun does not make its use an element of the crime. The crime was not in using a gun—it was in the taking of property by means of violence or fear, even though the gun was actually a part of the transaction. *Id.*, 652. The same reasoning applies here. The crime of assault was in putting Mrs. Medley in fear of serious injury. When exposed to defendant's conduct she happened to be inside a dwelling, but that is not an element of assault.

On the state's theory any crime which defendant committed in making the assault would be a lesser included offense of assault. If the assault consisted of using an automobile without the permission of the owner and driving it into the victim, then tampering with a motor vehicle would be a lesser included offense, and so on. What the state suggests would subject a defendant to being charged with one crime and convicted of another even though the latter was not a lesser included offense of the former. This cannot be done. *State v. Billingsley*, 465 S.W.2d 569, 570 (Mo.1971).

Defendant's first contention is sustained.

As to defendant's second contention—that the court should have given an instruction on common assault—we think it is pointless to discuss the matter because of the operation of § 556.240, RSMo 1969, which, although not mentioned in the briefs, we believe, in the interest of judicial economy, we cannot ignore.

Section 556.240 provides as follows:

"When the defendant shall be acquitted or convicted upon any indictment, he shall not thereafter be tried or convicted of a different degree of the same offense, nor for an attempt to commit the offense charged in the indictment, or any degree thereof, or any offense necessarily included therein, provided he could have been legally convicted of such degree or offense, or attempt to commit the same, under the first indictment."

Here defendant, as stated, was charged with assault with intent to injure Carol Medley with malice under § 559.180, *supra.* This charge was submitted to the jury by instruction No. 5 in the form prescribed by MAI–CR 6.22. By the next instruction, instruction No. 6, the jury was instructed on the felony of shooting into a dwelling. The jury found the defendant guilty of the latter offense only. Instruction No. 6 on shooting into a dwelling house commences with these words: "If you do not find the defendant guilty of felonious assault with malice aforethought, you must consider whether he is guilty of shooting into a dwelling house." It follows, therefore, that the jury acquitted defendant of the assault charge. As common assault is necessarily included in the larger charge of assault with intent to kill with malice and as defendant unquestionably could have been convicted of common assault under an information charging felonious assault, § 556.240 applies and the question of whether the court should have given a common assault instruction becomes moot.

See also *State v. Hamlin*, 171 S.W.2d 714, 715 (Mo.1943), citing § 4846, RSMo 1939 (now § 556.240, *supra*) and stating: "One convicted of an offense may not thereafter be tried of any offense necessarily included therein for which he legally could have been convicted under the first indictment." By the express terms of the statute, the same would be true of one acquitted of the offense, as is the case here. *See also State v. Stroemple*, 355 Mo. 1147, 1150, 199 S.W.2d 913, 915 (1947) and the constitutional provision against double jeopardy, Mo.Const. Art. I, § 19 (1945); Miller, The Plea of Double Jeopardy in Missouri, 22 Mo.L.Rev. 245, 269 (1957); Scurlock, Basic Principles of the Administration of Justice with Particular Reference to Missouri Law, 44 U.M. K.C. L.Rev. 139, 212 (1975).

The judgment is reversed and the cause is remanded for a new trial on a proper information on the charge of shooting into a dwelling.

MORGAN, C. J., BARDGETT, HENLEY, DONNELLY and RENDLEN, JJ., and HOUSER, Special Judge, concur.

FINCH, J., not sitting.

