**STATE of Missouri, Respondent,**

v.

**Thomas NELL, Appellant.**

**No. 30179.**

Missouri Court of Appeals,
Western District.

April 2, 1979.

Michael Paul·Harris, Edwin Hodel Smith, St. Joseph, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

ANDREW J. HIGGINS, Special Judge.

Appeal from conviction by a jury of assault with intent to do great bodily harm without malice aforethought. § 559.190 RSMo. Appellant contends the evidence was not sufficient to show an overt act by defendant and his intent to do great bodily harm. Affirmed.

On August 23, 1977, Thomas Nell, accompanied by three friends, was driving his car north across Hickory Street into the alley of the 2200 block of South 11th Street in St. Joseph. As he crossed Hickory, he "accelerated across the road a little bit fast in front of Officer [Gary E.] Gilland and down the alley."

Officer Gilland and Officer Timothy H. Moore, who was driving behind Officer Gilland in another patrol vehicle, pursued the motorist in the alley to the back yard of a residence at 2218 South 11th owned by his grandmother. Officer Gilland asked the motorist to step out of the car and show his operator's license, and then arrested him for driving while intoxicated. He started walking toward the house, at which time Officer Gilland grabbed his arm and subdued him with a choke hold. Upon release, he ran into the house with both officers in pursuit. The officers were unable to gain entry and returned to their vehicles. As they proceeded to leave, defendant came running out of the residence, stopped, and made a throwing motion toward Officer Gilland's Patrol Truck. Both officers heard a thump and stopped to pursue defendant who ran again into the house. Upon return the officers found a 6½" paring knife with a bent tip lying on the ground immediately below a new nick or dent in the paint on the passenger's side of the Patrol Truck.

Defendant admitted he got mad and grabbed a "peeling" knife, ran out and threw it at the car.

 A person is guilty of assault with intent to do great bodily harm without malice aforethought under Section 559.190, supra, if he assaults another with intent to kill or do great bodily harm. State v. Rose, 346 S.W.2d 54, 56 (Mo.1961). An assault can occur in absence of actual harm to the victim, and without a touching or striking of the victim. State v. Eddy, 199 S.W. 186 (Mo.1917); State v. Elliott, 559 S.W.2d 175 (Mo. banc 1977). A showing of intent to harm alone is not sufficient, State v. Painter, 67 Mo. 84 (1877), State v. Lemon, 263 S.W. 186 (Mo.1924), State v. Selle, 367 S.W.2d 522 (Mo.1963), State v. Parker, 378 S.W.2d 274 (Mo.App.1964); the accused must commit some overt act, that is, a hostile demonstration or intentional offer of bodily injury to another, coupled with the present ability to carry out the attempt if unprevented, State v. Boyd, 559 S.W.2d 59 (Mo.App.1977).

The evidence permitted the jury to find that defendant obtained the knife, ran toward Officer Gilland, and threw it at him. The evidence thus satisfied the requirement of an overt act or hostile demonstration against the officer. That to reach Officer Gilland the knife had to penetrate the automobile, was incidental to the assault. State v. Elliott, supra, 559 S.W.2d l.c. 177.

██ On the issue of intent, the jury may consider statements of the accused, the nature of his weapon, the manner of its use, and all the surrounding circumstances. State v. Chevlin, 284 S.W.2d 563, 566 (Mo. 1955).

██ The evidence permitted the jury to find that defendant was angry when he obtained the knife, ran toward Officer Gilland, and threw it at him with appreciable force. The knife could be considered a deadly weapon. State v. Baldwin, 571 S.W.2d 236 (Mo. banc 1978). In these circumstances it was proper for the jury to disregard the suggestion that defendant was only throwing at an inanimate object and to infer that he threw at the officer with intent to do him bodily harm. State v. Selle, supra, 367 S.W.2d l.c. 528.

Judgment affirmed.

All concur.