**STATE of Missouri, Respondent,**

v.

**Charles L. SPENCER, Appellant.**

**No. WD 37905.**

Missouri Court of Appeals,
Western District.

Jan. 13, 1987.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
March 3, 1987.

John R. Cullom, Kansas City, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Spencer appeals a jury conviction and sentence as a persistent offender for felonious restraint, first degree assault and armed criminal action, for which he received 10 year concurrent sentences.

Spencer had known the victim Sibil Alexander for some six years. On the day in question the victim was working at a convenience store. Spencer at about 5:45 a.m. called her for breakfast, she declined, he showed up at 6:15 a.m., they rode around in a car before he forced her from the car and into his house where he threw her on the bed. He pointed a shotgun at her and told her to disrobe. This overture proving unsuccessful he fired two blasts into the ceiling above her head. When Spencer left the room the victim called a friend who called the police. When police arrived Spencer was beating Alexander with the shotgun. Spencer then scuffled with the officers. Spencer did not testify, but his statements to officers were introduced by the prosecution. The gist of those statements was that Spencer, who had been sleeping with and been the pimp for the victim for several years, had smoked marijuana and "done a little cocaine" with Alexander the night before the altercation when he discovered a large amount of money missing from his wallet. The statement of Spencer was when he confronted the victim about the missing money she discharged the shotgun at him, he took the gun away from her and he "tried to kick the living shit out of the bitch."

■ In his first point Spencer, who is black, alleges error in the state's using five of six available peremptory challenges to remove all the available black persons and the only hispanic from the jury pool. Spencer's move to quash the jury because the state had unconstitutionally removed all minorities from the panel was denied.

In *Batson v. Kentucky,* — U.S. —, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court changed the analysis of *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). *Swain,* followed earlier case law which found a constitutional denial to blacks resulting from their being tried before a jury in which members of their race had been excluded. *Swain* said an accused attacking the state's utilization of peremptory challenges must pose to the court the prosecutor's *systematic* challenges of blacks over a peri-

od of time, 380 U.S. at 227, 85 S.Ct. at 839. (Emphasis added.) *Batson, supra,* now says the defendant must show he is a member of a cognizable racial group and the prosecutor has used peremptory challenges to remove venire members of the defendant's race. *Batson,* then says the defendant must show such use of challenges is inherently susceptible of abuse, which is virtually assumed, and, other relevant circumstances showing a racial motivation in the use of peremptories.

The appellant Spencer argued here the *Batson* ruling rather than the criteria in *Swain* should apply to his case. Our supreme court has recently handed down *State v. Lockett* (Mo. banc No. 68186, decided December 16, 1986), which holds, "that Batson should apply only to trials commenced after April 30, 1986 . . ." Slip opinion at page four. The trial of Spencer started on November 1, 1985, and the jury selection made on November 18, 1985. With no retroactive application of the *Batson* standard, and Spencer's challenge of the prosecutor's use of strikes here not amounting to a violation under *Swain,* Spencer's point must be denied.

■ Spencer next charges trial court error in failing to tender his self defense instructions to the jury on the first degree assault charge and on the felonious restraint charge. If there is any substantial evidence putting self-defense in issue the court has a duty to so instruct the jury. *State v. Pride,* 567 S.W.2d 426, 430 (Mo. App.1978). *See also* MAI–CR 2.41.1. The evidence must be reviewed in the light most favorable to the defendant's hypothesis of self-defense. *State v. Ehlers,* 685 S.W.2d 942, 948 (Mo.App.1985). The state candidly admits Spencer injected the issue of self-defense under § 563.031.4 RSMo 1978, but correctly points out the quantum of evidence favorable to Spencer fails to carry the day for self-defense. From the statement of Spencer to the responding police, the most that can be said for self-defense is Spencer forced the victim from work to his home, confronted her about the missing money, she grabbed the shotgun discharging it twice at him, he took the

■■■■■■■■■■■■

weapon and beat her with it until the stock fell off. Spencer also points to a report of the jailor to the effect of Spencer having some pellets in his shoulder, for which no medical attention was required. As in *State v. Bainter,* 608 S.W.2d 429, 432 (Mo. App.1980), the defendant, was by his own testimony, the aggressor. He forced the victim from work dragged her into his house and threw her on the bed. There was no evidence even under Spencer's account of any danger to him after he took the weapon from the victim to account for his beating of her. Under the elements of self-defense, paraphrased here as (a) the defendant must not have provoked the assault or been the aggressor; (b) reasonably believed he was faced with the necessity of defending himself from great bodily danger; c) used no more force than necessary and (d) attempted to have avoided the danger, the defendant's point fails. *State v. Chambers,* 671 S.W.2d 781, 783 (Mo. banc 1984); *State v. Christie,* 604 S.W.2d 806, 808 (Mo.App.1980). *See* § 563.031.2.

■■■■ The court's refusal to instruct on assault in the third degree gives rise to Spencer's next point. The charge was for first degree and the jury was instructed on both first and second degree. Section 565.-050, RSMo Supp.1983, describes first degree assault as the causing or attempting to cause "serious" physical injury; § 565.-060, RSMo Supp.1983, defines second degree assault, and as applicable to this case defines the conduct under .050 as being done, "under the influence of sudden passion arising out of adequate cause." Third degree assault covers only to physical injury. Third degree assault § 565.070, RSMo 1978 covers only an attempt to cause physical injury. Third degree assault is a lesser included offense of first and second degree assault. *State v. Dunlap,* 639 S.W.2d 201, 205–06 (Mo.App.1982). If supported by the evidence an instruction on a lesser included offense must be given, *State v. Bigham,* 628 S.W.2d 681, 682 (Mo.App.1982). Section 556.046.2, RSMo 1978 states there must be a basis for a verdict acquitting the defendant of the offense charged, here assault by attempting to kill or cause serious physical injury, and evidence for convicting

him of the included offense. *State v. Olson,* 636 S.W.2d 318, 321 (Mo. banc 1982). The evidence here was the defendant beat the victim with the gun. The fact her injuries were not as severe as to have caused broken bones does not aid Spencer in this point. Neither does his statement of trying "to kick the living shit out of the bitch" help him on this argument.

In his last point Spencer asks for a reversal for allowing in evidence testimony of his scuffle with police who responded to the report of Alexander's beating, and arrived at Spencer's home while the beating was in progress. This point is denied out of hand. The judgment is affirmed.

All concur.