**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Bennie Lee EVANS,
Defendant–Appellant.**

No. 53464.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 10, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Andrew J. Walker, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Judge.

Defendant appeals from the judgment of the trial court, entered on a jury verdict, finding defendant guilty of burglary in the first degree in violation of § 569.160, RSMo 1986, and assault in the first degree in violation of § 565.050, RSMo 1986. Finding defendant to be a persistent offender, the court sentenced him to an extended term of seven years imprisonment on the burglary first degree and a concurrent sentence of fifteen years on the assault first degree in the Missouri Department of Corrections. Finding defendant's contentions to be without merit, we affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence discloses the following account. Approximately at 8:00 p.m. on September 1, 1986, Darryl Throgmorton, his wife Tanya, and daughter Renee returned to their apartment in St. Louis County. Upon entering the family room, they heard a fluttering noise coming from the bedroom. Darryl entered the bedroom to investigate the cause of the noise and noticed defendant with his arms inside the bedroom window and the blinds on top of his head. After Darryl shouted at defendant, defendant squirmed out of the window and fled the scene. Darryl pursued defendant and shouted for assistance by calling out to the attention of bystanders that defendant had broken into his apartment. When Darryl caught up with him, defendant attempted to stab him with a screwdriver. In response, Darryl grabbed defendant's arm causing him to drop the screwdriver from his hand. Both men fell to the ground and Darryl was stunned for a second as a result of hitting his head during the fall. Darryl, however, never lost sight of defendant as defendant fled down the street. At this time, Officer Tackes arrived at the scene in response to a call for help. Darryl pointed out defendant to Officer Tackes and the officer chased defendant and apprehended him. Defendant attempted to scuffle with Officer Tackes when the officer apprehended him, but the officer was able to subdue defendant and place him under arrest. Darryl, Officer Tackes, and a witness to the chase identified defendant as the burglar and the fleeing man.

The defense rested without putting on any evidence.

■ In his first two points on appeal, defendant contends he was entitled to a self-defense instruction and judgment of acquittal on the assault count, because the evidence supported self-defense. We shall treat both points together. We find both points to be completely without merit.

Defendant misconstrues the right of self-defense. Here, defendant was caught in the commission of a burglary in that he was caught breaking into the Throgmorton home. The victim pursued defendant in attempt to apprehend him. When the victim caught up with him, defendant attempted to stab him with a screwdriver. Defendant would have us believe a criminal caught in the commission of a burglary has the right to resist apprehension by the victim and has the right to use a weapon in this resistance. The law in Missouri provides that a person in the defense of himself is allowed to use physical force upon another person "when and to the extent he reasonably believes such to be necessary to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful force by such other person....." § 563.031.1, RSMo 1986. Defendant presented no evidence as to what he reasonably believed to be the imminent danger, and the trial court rejected his tendered self-defense instruction on this ground. The burden was on defendant to inject this issue, and he failed to overcome this burden. § 563.031.4, RSMo 1986.

■ Even if defendant was able to overcome the reasonable belief hurdle, he would still need to show that unlawful force was used by the victim. Clearly the evidence demonstrated that the victim in

attempting to apprehend defendant complied with the rights of a private citizen included within § 563.051.2, RSMo 1986. Section 563.051.2 provides: "A private [citizen] acting on his own account may, ..., use physical force to effect arrest ... only when and to the extent such is immediately necessary to effect the arrest, ..., of a person whom he reasonably believes to have committed a crime...." In the case at bar, the Throgmortons returned home to find defendant burglarizing their apartment. Upon the owners' arrival, defendant fled the scene, and Darryl pursued him. During the chase, defendant attempted to stab Darryl with a screwdriver and thereby attempted to cause serious physical injury to another within the provisions of § 565.050, RSMo 1986. This action clearly constituted an assault as defined by Missouri case law.

The court in *State v. Guyton*, 635 S.W.2d 353, 358 (Mo.App.1982), states "[t]he gravamen of assault is the '... intentional offer of bodily injury to another under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to carry out the attempt....'" *Guyton, supra*, at 358 (quoting *State v. Boyd*, 559 S.W.2d 59, 60 (Mo.App.1977)). The fact that defendant did not actually strike the victim makes no difference concerning his action being that of an assault. *State v. Heitman*, 613 S.W. 2d 902, 905 (Mo.App.1981). Taking into account the circumstances, Darryl undoubtedly had the right to use physical force to the extent necessary to effectuate the arrest of defendant, a burglar caught in the act. The trial court properly rejected defendant's tendered self-defense instruction and denied his motion for judgment of acquittal on the assault count, because there was no evidentiary support. Points one and two are denied.

As previously discussed in defendant's earlier points, defendant failed to present any evidence at trial showing that he had a reasonable belief he was in imminent danger. Defendant's contention is devoid of merit in the context of the evidence that the victim discovered defendant burglarizing his apartment. Darryl's attempt to apprehend defendant was permissible under § 563.051.2, RSMo 1986, but defendant's resistance by attempting to harm Darryl with a screwdriver, a dangerous instrument capable of causing serious physical injury as defined in § 556.061.9, RSMo 1988, constituted an assault, and therefore, defendant's action was unlawful, not in self-defense. Defendant was not entitled to acquittal by reason of self-defense as a matter of law, because the case at bar does not fall into one of the exceptionally rare instances where all the undisputed and uncontradicted evidence clearly establishes self-defense. *State v. Christie*, 604 S.W.2d 806, 808 (Mo.App.1980). Point denied.

■ In his final point on appeal, defendant contends the trial court erred by not sustaining his motion for judgment of acquittal, because the state failed to prove beyond a reasonable doubt that defendant acted recklessly in committing the burglary. Defendant argues that he immediately departed from the residence upon the arrival of the residents, and therefore, he could not be charged with the burglary first degree, because the element requiring the presence of a nonparticipant was not met.

In the case at bar, the evidence clearly shows that Darryl, his wife, and small child were present in the building when the burglary occurred, and their presence satisfies the mandate of § 569.160.1(3). Defendant appears to argue that the requirement of a person who "knowingly enters unlawfully or knowingly remains unlawfully in a building ... for the purpose of committing a crime therein," § 569.160, RSMo 1986, applies with respect to another person being present in the structure who is not a participant in the crime as defined in § 569.160.1(3). The mental state of "knowingly" clearly applies only to the act of unlawfully entering or remaining in a building and not to the subsection concerning the presence of a nonparticipant of the crime being inside the building. There is no requirement of a culpable mental state with respect to the nonparticipant subsection of § 569.160. The presence of a person who is not a participant in the crime is

only an aggravating circumstance warranting the imposition of burglary in the first degree rather than burglary in the second degree.

Defendant was properly convicted of burglary in the first degree, because the element requiring the presence of a nonparticipant was clearly met. Without the Throgmortons' permission, defendant placed a trash can in front of their bedroom window. Upon entering the room, Darryl noticed defendant in the window with his arms inside the window and the blinds on top of his head. Defendant's attempt to apply the mental state requirement for entering and remaining in the building to the presence of a nonparticipant subsection of § 569.160 fails. Moreover, defendant's arguments concerning the standard of care of a reasonable burglar and the required mental state showing recklessness on the part of the burglar in regard to the nonparticipant being inside the building, are without merit. Point denied.

Finding defendant's contentions to be without merit, we affirm the trial court's judgment.

STEPHAN, P.J. and PUDLOWSKI, J., concur.