STATE of Missouri, Respondent,

v.

James CRUMLEY, Appellant.

No. 21989.

Missouri Court of Appeals,
Southern District,
Division One.

July 22, 1998.

---

Steven B. Willibey, Asst. Public Defender, Poplar Bluff, for appellant.

No appearance for respondent.

CROW, Judge.

Appellant was charged with the class A misdemeanor of assault in the third degree, § 565.070, RSMO 1994, in that he "attempted to cause physical injury to Bonita Umfress by striking her in the face with his fist."

The trial court heard evidence without a jury and found Appellant guilty. This appeal followed.

Appellant's sole point relied on avers the trial court erred in denying his motion for judgment of acquittal at the close of the evidence. According to Appellant:

"[T]he State did not establish that Appellant attempted to cause physical injury to Bonita Umfress by striking her in the face with his fist. Ms. Umfress' prior inconsistent statement was the only evidence of that allegation and was unsupported by corroborating evidence."

■ Resolving the claim of error requires an account of the evidence. In narrating it, we are mindful that in reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn therefrom, and disregards all evidence and inferences to the contrary. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993), *cert. denied,* 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993).

So viewed, the evidence reveals Ms. Umfress ("Victim") had lived with Appellant in his "trailer" almost a year when the incident occurred. Victim testified she and Appellant "got into a [sic] argument" and she "hit him first" (with her fist) because he "called [her] a name." After that, avowed Victim, Appellant hit her on the face with his hand. According to Victim, the blow "hurt."

Asked whether she told a law enforcement officer about the incident, Victim replied: "I ended up in the hospital, and that's when I seen the law enforcement[.]" Victim recounted she told the officer the truth "[a]s far as I know."

The prosecutor showed State's Exhibit 1 to Victim and asked whether she could identify it. Victim answered: "It looks like my handwriting [but] I don't remember giving that statement." Victim denied knowing where Exhibit 1 was written.

The only other witness was Deputy Sheriff James Akers. He saw Victim at the hospital after the altercation. He talked with her

briefly in the emergency room and again after "they were done suturing her." Akers recalled Victim was excited but not crying.

The prosecutor asked Akers what Victim told him. After looking at Exhibit 1, Akers responded: "She stated to me that he struck her twice in the face, with his fist, and then once in the back shoulder portion."

Appellant's lawyer objected "to the hearsay."

The trial court sustained the objection, adding, "I'll hear no hearsay here."

The prosecutor thereupon offered Exhibit 1 in evidence. The trial court received it over objection.[1] Exhibit 1, as we decipher it, reads:

> "James comes home and Started argument. He called me a Bitch I called him a Bastard. And he hit me twice with his fist on face. Then we still argued. next door at the other trayler [sic] he thetend [sic] again. So I tried to get out of the window to keep him from hurting me. And the Window Broke and cut my leg Bad. My mother Brought me to the hospital[.]"

The prosecutor presented nothing else.

Appellant's lawyer announced Appellant had no evidence, then moved for a judgment of acquittal.

The prosecutor argued:

> "[Victim] got up on the stand and she did change her testimony. Pursuant to [§ 491.074, RSMo 1994 [2]], State's Exhibit 1 was admitted, which can be used as substantive evidence.... Then the Court can decide which to believe, her testimony this morning or the statement that she made in her own handwriting."

Appellant's lawyer responded by telling the trial court: "[T]here's more than enough evidence to believe the defense of self-defense in this case."

We infer from the trial court's findings that the court was unpersuaded by the self-defense argument.

Before addressing Appellant's claim of error, we note that despite § 56.060.1, RSMo 1994,[3] the prosecutor has filed no brief. As this court observed in *State v. Musil,* 935 S.W.2d 379, 380–81 (Mo.App. S.D.1996), although no penalty is prescribed for such indifference, it is astonishing that the prosecutor would pursue the case to a conviction in the trial court, then ignore it on appeal. *Cf. State v. Harrington,* 679 S.W.2d 906, 907[1] (Mo.App. S.D.1984). Nonetheless, as in *Musil,* this court shall endeavor to correctly decide this appeal without the benefit of a State's brief.

In the argument portion of Appellant's brief, we find this:

> "In the case at bar, [Victim's] prior inconsistent statement is the only evidence which would support a conviction of assault in the third degree."

We construe that declaration as an admission that had Victim's testimony mirrored Exhibit 1, her testimony would have been sufficient to support the conviction. However, as we have seen, Victim's testimony differed from Exhibit 1 in two respects. First, Victim testified she struck the first blow, a detail unmentioned in Exhibit 1. Second, Victim's testimony described only one blow delivered by Appellant, whereas Exhibit 1 described two blows by Appellant to Victim's face and a leg injury sustained by Victim in attempting to escape through a window.

Appellant's hypothesis of error, as we divine it, is that the trial court based its finding

---

**1.** Appellant assigns no error in this appeal regarding that ruling.

**2.** Section 491.074, RSMo 1994, reads:

> "Notwithstanding any other provisions of law to the contrary, a prior inconsistent statement of any witness testifying in the trial of an offense under chapter 565 ... RSMo, shall be received as substantive evidence, and the party offering the prior inconsistent statement may argue the truth of such statement."

**3.** Section 56.060.1, RSMo 1994, reads, in pertinent part:

> "If any misdemeanor case is taken to the court of appeals by appeal [the prosecuting attorney] shall represent the state in the case in the court and make out and cause to be printed, at the expense of the county, all necessary ... briefs, and if necessary appear in the court in person, or shall employ some attorney at his own expense to represent the state in the court...."

of guilty solely on Exhibit 1. According to Appellant, that constituted reversible error inasmuch as "a conviction based solely on a prior inconsistent statement falls short of due process protection." In support of that premise, Appellant relies on *State v. Pierce,* 906 S.W.2d 729 (Mo.App. W.D.1995). There, the Western District of this court, after a comprehensive review of the law preceding and following the enactment of § 491.074[4] held: "[B]ecause there is an absence of adequate safeguards to assure reliability, a conviction based solely on a prior statement, though admissible via [§ 491.074], falls short of due process protection." *Id.* at 735[5].

■ For the reasons that follow, we hold Victim's testimony sufficient, independent of Exhibit 1, to support the trial court's finding of guilty. Consequently, *Pierce* does not apply to the instant case; *a fortiori, Pierce* does not compel reversal.

Although Victim testified she struck the first blow (the only one she threw), she explained she did so because Appellant called her a "name." Victim's testimony did not reveal how much time elapsed thereafter before Appellant hit Victim on the face; however, we infer the interval was relatively brief.

One might hastily assume that because Victim struck the first blow, the trial court was compelled to accept Appellant's self-defense argument and acquit him. However, as we shall see, that notion is incorrect.

Section 563.031, RSMo 1994, reads, in pertinent part:

"1. A person may ... use physical force upon another person when and to the extent he reasonably believes such force to be necessary to defend himself ... from what he reasonably believes to be the use or imminent use of unlawful force by such other person ...

....

4. The defendant shall have the burden of injecting the issue of justification under this section."

In *State v. Evans,* 755 S.W.2d 673 (Mo. App. E.D.1988), the accused was convicted by jury of assault in the first degree, § 565.050,

RSMo 1986, and another crime. *Id.* at 674. The evidence showed the accused commenced a burglary of an apartment while the residents were gone. *Id.* The residents returned, finding the accused's arms and head extending inside the apartment through a bedroom window. *Id.* The accused fled on foot, pursued by one of the residents. *Id.* When the resident caught the accused, the accused attempted to stab the resident with a screwdriver. *Id.*

One of the accused's claims of error on appeal was that the trial court should have given a self-defense instruction. *Id.* The Eastern District of this court rejected the claim, pointing out that under § 563.031.1, a person in defense of himself may use physical force upon another person when and to the extent he reasonably believes such force to be necessary to defend himself from what he reasonably believes to be the use or imminent use of unlawful force by such other person. *Id.* The opinion said:

"[The accused] presented no evidence as to what he reasonably believed to be the imminent danger, and the trial court rejected his tendered self-defense instruction on this ground. The burden was on [the accused] to inject this issue, and he failed to overcome this burden." *Id.*

The same analysis applies here. The trial court could have reasonably found from Victim's cryptic testimony that she struck Appellant in a fit of pique because he called her a "name." The trial court could also have reasonably found that Victim did not intend to continue her attack after having demonstrated (by striking Appellant) that she would not meekly submit to an epithet.

Furthermore, the trial court could have reasonably found that Appellant, in striking Victim, likewise acted in a flurry of anger, having been riled by her blow. The trial court could also have reasonably found that Appellant, in striking his blow, did not reasonably believe it was necessary to defend himself from the imminent use of further force against him by Victim, but instead struck Victim to punish her for her temerity in striking him.

**4.** Footnote 2, *supra.* The General Assembly en-  acted § 491.074 in 1985.

In that regard, the facts of the instant case are analogous to, though less dramatic than, those in *State v. Spencer*, 725 S.W.2d 54 (Mo.App. W.D.1987). There, police arrived at the accused's residence and found him beating a woman with a shotgun. *Id.* at 55. The accused testified the altercation began when he confronted the victim about money missing from his wallet. *Id.* According to the accused, the victim fired the shotgun at him, whereupon he took it away from her and "tried to kick the living shit out of the bitch." *Id.* The evidence showed the accused beat the victim with the shotgun until the stock fell off. *Id.* at 55–56.

On appeal from a conviction of first degree assault, the accused assigned error in the trial court's failure to instruct the jury on self-defense. *Id.* at 55. Rejecting the claim of error, the Western District of this Court held:

"There was no evidence even under [the accused's] account of any danger to him after he took the weapon from the victim to account for his beating of her."

*Id.* at 56.

Here, the trial court had the advantage (denied us) of seeing Victim and Appellant in person. The terse record is bare of any indication of the relative size and strength of Victim and Appellant; however, it is undisputed that it was Victim, not Appellant, who required medical attention after the incident.

Moreover, Victim's testimony, though laconic, included her revelation that the blow to her face delivered by Appellant "hurt." That was sufficient to satisfy the definition of "physical injury" in § 556.061(20), RSMo 1994, which reads:

"'Physical injury' means physical pain ... [.]"

 Under Rule 27.01(b), Missouri Rules of Criminal Procedure (1998), the trial court's finding of guilty has the force and effect of a jury verdict, hence we review the case as though a jury returned a verdict of guilty. *State v. Giffin*, 640 S.W.2d 128, 130[1] (Mo. 1982). Accordingly, our review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found Appellant guilty beyond a reasonable doubt. *Grim*, 854 S.W.2d at 405.

That Victim may herself have been guilty of misdemeanor assault in striking Appellant does not mean the trial court was compelled to accept the argument of Appellant's lawyer that Appellant struck Victim in self-defense. Applying the standard of review in the preceding paragraph, we hold Victim's testimony, viewed favorably to the trial court's finding, is sufficient to support the trial court's implicit determination that Appellant, in striking Victim, did not reasonably believe such physical retaliation was necessary to defend himself from the use of further force against him by Victim, but instead, like the accused in *Spencer*, struck Victim for the purpose of inflicting pain on her because of her conduct toward him.

Judgment affirmed.

PREWITT, P.J., and PARRISH, J., concur.