# IN THE SUPREME COURT OF THE STATE OF NEVADA

DARYN S. RICHARDSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72660

FILED

OCT 02 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

Daryn Richardson appeals from a judgment of conviction, pursuant to a jury verdict, of sexual assault resulting in substantial bodily harm and battery with intent to commit sexual assault resulting in substantial bodily harm. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge. We affirm.

### Richardson's proposed jury instructions

Richardson argues that the district court abused its discretion by denying his proffered jury instructions. Richardson proposed jury instructions on self-defense, corroboration of the victim's testimony, reasonable doubt, and evidence that is susceptible to two reasonable constructions or interpretations. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005).

#### Self-defense

Richardson argues that, because V.H. admitted to landing the first punch and was belligerent following the incident, the district court erred by failing to give his proposed self-defense instruction. But the record reveals that V.H. misspoke and immediately testified that she did not hit Richardson until *after* Richardson hit and sexually assaulted her. And the district court was within its discretion to determine that V.H.'s actions *after*

18-38400

the incident did not suggest that she was the initial aggressor. *See Wyatt v. State*, 77 Nev. 490, 496, 367 P.2d 104, 107 (1961) ("the court is not required to instruct the jury on . . . [a] defense which is not supported by any evidence.").

Even if there had been some evidence to support Richardson's self-defense theory, the jury found beyond a reasonable doubt that Richardson sexually assaulted V.H. Under these circumstances, self-defense is not a viable defense to sexual assault resulting in substantial bodily harm, *see State v. Boyd*, 559 S.W.2d 59, 60 (Mo. Ct. App. 1977) (rejecting the defendant's proffered defense of provocation and holding "that strangulation and sexual aggression were not reasonable responses" to being sprayed with mace), nor to battery with intent to commit sexual assault resulting in substantial bodily harm, *see, e.g., State v. Wilson*, No. 0012014953, 2006 WL 1064179, at *2 (Del. Super. Ct. Mar. 9, 2006) (rejecting the defendant's proposed self-defense instruction because the rape and assault were connected and "[i]f the part about the rape is not credible, then the part about the assault is not credible either"), *aff'd*, No. 156, 2006, 2006 WL 2632565 (Del. Sept. 12, 2006). Accordingly, the district court properly rejected Richardson's proposed instruction because the evidence presented at trial was inadequate to support a theory of self-defense, and any potential error by not giving the instruction would be harmless given that the jury found beyond a reasonable doubt that Richardson sexually assaulted V.H.

*No corroboration*

The district court did not abuse its discretion by giving the no-corroboration instruction approved in *Gaxiola v. State*, 121 Nev. 638, 647, 119 P.3d 1225, 1231-32 (2005), and rejecting Richardson's proposed

instruction, which contained additional language reminding the jury that it must consider all of the evidence when reaching its verdict. Richardson's proposed instruction duplicated information provided in jury instructions 6 and 7, which also instructed jurors to consider all of the evidence when reaching their decision. *See Ford v. State*, 99 Nev. 209, 211, 660 P.2d 992, 993 (1983) ("it is not error to refuse to give an instruction when the law encompassed therein is substantially covered by another instruction given to the jury.").

*Reasonable doubt*

The district court also did not abuse its discretion by rejecting Richardson's proposed instruction stating that, under *Randolph v. State*, reasonable doubt requires the jury "to reach a subjective state of near certitude." 117 Nev. 970, 980, 36 P.3d 424, 431 (2001) (internal quotation marks omitted). "[I]n Nevada, the definition of reasonable doubt is specified by statute and, under NRS 175.211(2), no other jury instruction on reasonable doubt is permitted." *Garcia v. State*, 121 Nev. 327, 340, 113 P.3d 836, 844 (2005), *modified on other grounds by Mendoza v. State*, 122 Nev. 267, 130 P.3d 176 (2006).

*Two reasonable interpretations*

Nor did the district court abuse its discretion by rejecting Richardson's proposed instruction on evidence susceptible to two reasonable interpretations, because the jury was properly instructed on reasonable doubt. *See Mason v. State*, 118 Nev. 554, 559, 51 P.3d 521, 524 (2002).

*Prosecutorial misconduct*

Richardson argues that his conviction should be reversed because the State repeatedly engaged in burden shifting, commented on his right to present a defense, inflamed the jury, and committed other

misconduct. But the State's comment during voir dire that it was looking for jurors who could evaluate "both sides" was immediately clarified by the district court that the defense had no burden in the case, so there was no prejudice. *See Valdez v. State*, 124 Nev. 1172, 1192, 196 P.3d 465, 478 (2008) (concluding "that there was no prejudice because the district court sustained [the defendant's] objection and instructed the jury to disregard the comment"). And the other purported instance of burden shifting—the State's response to Richardson's closing argument that he and V.H. were flirting before deciding to have sex—was not prosecutorial misconduct. *See Leonard v. State*, 117 Nev. 53, 81, 17 P.3d 397, 415 (2001) ("Although a prosecutor may not normally comment on a defendant's failure to present witnesses or produce evidence, in some instances the prosecutor may comment on a defendant's failure to substantiate a claim.").

Further, the district court properly sustained Richardson's objection to the State's rebuttal closing argument that "[t]here's a reason victims are afraid to come in here and testify and it's stuff like [Richardson's argument that there are no photographs of V.H.'s vagina in evidence]." While the State's argument was improper, we hold that the prosecutor's comment, which resulted in a sustained objection, was harmless beyond a reasonable doubt given the evidence against Richardson. *See Valdez*, 124 Nev. at 1188, 196 P.3d at 476 ("this court will not reverse a conviction based on prosecutorial misconduct if it was harmless error."); *see also United States v. Young*, 470 U.S. 1, 11 (1985) ("[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context . . . .").

We also reject Richardson's argument that unobjected-to prosecutorial misconduct requires reversal. We review such unobjected-to

conduct for plain error. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477 ("an error that is plain from a review of the record does not require reversal unless the defendant demonstrates that the error affected his or her substantial rights, by causing 'actual prejudice or a miscarriage of justice.'") (quoting *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003)).

Richardson has not shown that the State's comment that its burden "is met every day in courtrooms across the country" affected his substantial rights, because the jury was properly instructed on the reasonable doubt standard. *See Randolph*, 117 Nev. at 981, 36 P.3d at 431 ("We have . . . consistently deemed incorrect explanations of reasonable doubt to be harmless error as long as the jury instruction correctly defined reasonable doubt."). Further, the State's response to Richardson's closing argument that V.H. had a motive to lie due to her civil lawsuit was not plain error, but rather permissible rebuttal to Richardson's argument. *See Leonard*, 117 Nev. at 81, 17 P.3d at 415. And the State's comment that V.H. "told the truth of what she could remember" was not plainly impermissible vouching, but instead a response to Richardson's argument that V.H. was not credible. *See Rowland v. State*, 118 Nev. 31, 39, 39 P.3d 114, 119 (2002) (recognizing that where an "outcome depends on which witnesses are telling the truth, reasonable latitude should be given to the prosecutor to argue the credibility of the witness").

*Mistrial requests*

Richardson moved for a mistrial after the State argued that "[t]here's a reason victims are afraid to come in here and testify" and then again after the State questioned a SANE (Sexual Assault Nurse Examiner) nurse about GHB (commonly referred to as the date rape drug). Richardson moved for a mistrial a third time because he claimed the State insinuated

in rebuttal closing argument that Richardson may have put something in V.H.'s drink. An order denying a motion for a mistrial "will not be disturbed on appeal in the absence of a clear showing of abuse" of "the trial court's sound discretion." *Smith v. State*, 110 Nev. 1094, 1102-03, 881 P.2d 649, 654 (1994).

After sustaining Richardson's objection to the State's comment explaining the lack of vaginal pictures in evidence, the district court was within its discretion to deny Richardson's motion for a mistrial. Further, Richardson has not shown that the district court clearly abused its discretion by denying his motions for a mistrial regarding GHB. We recognize that the State's questioning of the SANE nurse about GHB could unnecessarily imply that V.H. may have been drugged. But as the district court found, given that V.H. could not remember over three hours of time, the SANE nurse's testimony was relevant to remove any inference of use of a date-rape drug from the jurors' minds. And the State clarified in rebuttal closing argument that this was not a case involving drugs slipped into a drink. Accordingly, the district court did not abuse its discretion by denying Richardson's requests for a mistrial.

*Evidentiary rulings*

Richardson argues that evidentiary rulings by the district court violated his state and federal constitutional rights and require the reversal of his conviction. We review evidentiary rulings for an abuse of discretion. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008).

The district court did not abuse its discretion by sustaining the State's objection and excluding V.H.'s statements to the SANE nurse as hearsay. V.H.'s statements to the SANE nurse were not for medical diagnosis, so the exception in NRS 51.115 for otherwise inadmissible

"[s]tatements made for purposes of medical diagnosis or treatment" does not apply. *See Medina v. State*, 122 Nev. 346, 350, 143 P.3d 471, 473 (2006) ("A particular duty of a SANE nurse is to gather evidence for possible criminal prosecution in cases of alleged sexual assault. SANE nurses do not provide medical treatment."). And, as the district court reasoned, V.H.'s statements to the SANE nurse were not admissible to impeach V.H.'s credibility, because V.H. had not yet testified.

Richardson also argues that the State was unfairly permitted to introduce cumulative hearsay. Joey Montgomery testified that on the night of the incident V.H. ran to him screaming that she had "been raped" and "beaten." This testimony was admissible as an excited utterance. *See* NRS 51.095 ("A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition is not inadmissible under the hearsay rule."). Detective Keith Pool also testified that Montgomery told him that V.H. said she was raped and beaten. But even if the detective's testimony was inadmissible double hearsay, it is not reversible error because V.H.'s excited utterance was already properly admitted through Montgomery's testimony and Richardson had the opportunity to cross-examine both Montgomery and V.H. at trial. *See* 2 *Wharton's Criminal Evidence* § 6:8 (15th ed. 1998) (noting that "the admission of hearsay evidence will not constitute reversible error where it is merely cumulative" of other evidence properly admitted). *But see Felix v. State*, 109 Nev. 151, 202, 849 P.2d 220, 254 (1993) (providing an "example of how the repetition of multiple hearsay statements may unfairly magnify the testimony of a victim and call into question the fundamental fairness of the trial"), *superseded on other grounds by statute as stated in Evans v. State*, 117 Nev. 609, 625, 28 P.3d

SUPREME COURT
OF
NEVADA

(O) 1947A

7

498, 509-10 (2001). Thus, the district court's evidentiary rulings do not require the reversal of Richardson's conviction.

*Sentencing*

The district court sentenced Richardson to life in prison with eligibility for parole after a minimum of 15 years for sexual assault resulting in substantial bodily harm. *See* NRS 200.366(2)(a)(2). For battery with intent to commit sexual assault resulting in substantial bodily harm, the district court sentenced Richardson to life in prison with eligibility for parole after a minimum of 10 years, to run consecutive to the first count. *See* NRS 200.400(4)(a)(2). Richardson argues that the consecutive sentences violate double jeopardy, due process, and constitute cruel and unusual punishment.

*Double jeopardy*

Richardson argues that his consecutive sentences violate the Double Jeopardy Clause. *See* U.S. Const. amend. V; Nev. Const. art. 1, § 8. Sexual assault and battery with intent to commit sexual assault are not the same offense under the *Blockburger* test. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."); *Estes v. State*, 122 Nev. 1123, 1143, 146 P.3d 1114, 1127-28 (2006) ("We discern no error in maintaining the separate charges of sexual assault and battery with intent to commit a crime."). Here, as in *Estes*, the elements necessary to prove battery with intent to commit a crime (sexual assault) are not subsumed within the elements necessary to prove sexual assault. "Battery requires physical force or violence," whereas sexual assault

requires sexual penetration but "does not require physical force or violence as an element." *Estes*, 122 Nev. at 1143, 146 P.3d at 1128; *see also* NRS 200.366(1) (defining sexual assault); NRS 200.400(1)(a) (defining battery).

But Richardson argues that the same punch to V.H.'s "face gave rise to the exact same substantial bodily harm enhancement for both crimes," which "violated double jeopardy by imposing the same enhancement twice." A penalty enhancement, however, does not present a separate double jeopardy concern here.[1] *Cf. Alotaibi v. State*, 133 Nev., Adv. Op. 81, 404 P.3d 761, 765 (2017) ("when an element goes *only* to punishment and is not essential to a finding of guilt, it is not an element of the offense for purposes of determining whether a lesser-included-offense instruction is warranted"), *cert. denied*, ___ U.S. ___, 138 S. Ct. 1555 (2018); *LaChance v. State*, 130 Nev. 263, 274, 321 P.3d 919, 927 (2014) (noting that "a factor to be considered in sentencing . . . is not an element of the offense for purposes of *Blockburger*"). Rather, a penalty enhancement is an additional component of the target offense that attaches if the crime committed resulted in substantial bodily harm.

Neither NRS 200.400 (battery with intent to commit a crime) nor NRS 200.366 (sexual assault) makes the crimes of sexual assault and

---

[1]Richardson's double jeopardy argument also fails if substantial bodily harm is considered an element of each crime for the *Blockburger* analysis. *See, e.g., Dixon v. Commonwealth*, 263 S.W.3d 583, 590-91 (Ky. 2008) and *Sattazahn v. Pennsylvania*, 537 U.S. 101, 111 (2003) (Scalia, J., plurality opinion). As recognized in *Estes*, 122 Nev. at 1143, 146 P.3d at 1127-28, sexual assault and battery with intent to commit a crime each contain an element that the other does not., Richardson does not argue, and we have found no cases holding that the addition of another element to each crime—substantial bodily harm— makes the offenses the same for purposes of *Blockburger*.

SUPREME COURT
OF
NEVADA

(O) 1947A

battery with intent to commit sexual assault mutually exclusive in any way. *Cf. Braunstein v. State*, 118 Nev. 68, 79, 40 P.3d 413, 421 (2002) (since NRS 201.230 makes "[t]he crimes of sexual assault and lewdness . . . mutually exclusive[,] . . . convictions for both based upon a single act cannot stand"). Because the Legislature contemplated the possibility that an individual could be punished for both crimes, including the enhancements, and because each offense "requires proof of a fact which the other does not," *Blockburger*, 284 U.S. at 304, "the sentencing court [did not] prescrib[e] [a] greater punishment than the legislature intended," *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). Thus, Richardson's consecutive sentences do not violate his double jeopardy rights.

*Due process*

Richardson argues that his due process rights were violated because the consecutive sentences imposed by the district court were fundamentally unfair. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 24-25 (1981) (due process "expresses the requirement of 'fundamental fairness'"). He contends that it was unfair for the district court to punish him twice for a violent sexual assault, which resulted in a much longer sentence than would be required for simple battery or a sexual assault. We disagree that the district court's sentence was fundamentally unfair given that it does not violate double jeopardy and is permitted by statute.

*Cruel and unusual punishment*

Richardson argues that condemning him to spend the rest of his natural life in prison—the same sentence a first-degree murderer might receive—offends fundamental notions of human dignity. *See* U.S. Const. amend. VIII; Nev. Const. art. 1, § 6. But a sentence that falls within statutory guidelines "is not 'cruel and unusual punishment unless the

SUPREME COURT
OF
NEVADA

(O) 1947A

statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)). Not only were the district court's sentences within statutory guidelines, but the statutes for each crime authorized the district court to impose the greater penalty of life *without* the possibility of parole. *See* NRS 200.366(2)(a)(1); NRS 200.400(4)(a)(1). We do not find the district court's aggregate sentence of life with the possibility of parole after 25 years so grossly disproportionate to Richardson's crimes as to shock the conscience.

*Cumulative error*

Richardson argues that even if each individual error was harmless, cumulatively, they denied him the right to a fair trial. In determining the cumulative effect of any errors at trial, we consider "whether the issue of innocence or guilt is close, the quantity and character of the error, and the gravity of the crime charged." *Big Pond v. State*, 101 Nev. 1, 3, 692 P.2d 1288, 1289 (1985). Sexual assault is a serious felony. *See id.* But any prosecutorial misconduct in this case was minor, and the admission of V.H.'s hearsay statement through the detective was not significant because the statement was properly admitted through another witness. Further, the evidence against Richardson was overwhelming, as Richardson's DNA was found on V.H.'s body and in her vagina and the incident left V.H. with a fractured nose, eye socket, and retrobulbar hematoma. Given that the issue of guilt was not close, and the quantity and nature of any errors were minor, the cumulative effect of any such errors did not deny Richardson his right to a fair trial.

We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:     Hon. Douglas W. Herndon, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk